[Civ. No. 37906. First Dist., Div. Two. Dec. 15, 1975.]

LARRY DON BENNETT, Plaintiff and Appellant, v.
ROBERT MICHAEL HAYES, Defendant and Respondent.

**COUNSEL**

Yourtz & Chernick, Ian R. Yourtz and Clifford R. Chernick for Plaintiff and Appellant.

Aaronson, Dickerson & Lanzone and Gloria B. Scheid for Defendant and Respondent.

**OPINION**

**THE COURT.**\*—Upon certification by the superior court, we ordered transfer of the appeal in this case, pursuant to section 911 of the Code of Civil Procedure, in order to settle an important question of law, to wit, whether an automobile repair dealer's failure to give his customer a written estimate prior to repair of the customer's automobile, as required by section 9884.9., subdivision (a), of the Business and Professions Code,

---

\*Before Taylor, P. J., Kane, J., and Rouse, J.

bars any recovery for work performed. With certain additions and modifications, we have adopted the excellent opinion of the appellate department of the superior court, as follows:

"Plaintiff appeals from a judgment for defendant on an action for breach of a written contract and for recovery of an agreed price, entered February 28, 1975, in the municipal court . . . .

"On August 24, 1973, defendant-respondent brought his 1964 Jaguar sedan to The European Stable, plaintiff-appellant's foreign car repair shop in Menlo Park, California. In the course of an oral discussion, respondent agreed to pay appellant $70 for the repair of one front brake, $100 for a radio and $17 for lubrication. Although specific sums were mentioned, appellant was unsure of the exact price of all the parts involved. Appellant failed to give respondent a written estimate for this work.

"On September 28, 1973, after appellant had telephoned respondent to say that he had completed the repairs, respondent traveled from his home in San Luis Obispo to Menlo Park to pick up the car. When he arrived, appellant told him the car was inoperable because the rear brakes were in need of repair. When asked to restore the car to its original state, appellant indicated this could not be done without additional cost. Having no other viable alternative, respondent then verbally authorized appellant to repair and replace the rear brakes for $200 and returned to his home in San Luis Obispo.

"Respondent did not receive or sign a detailed written description of the work to be performed on his car until it was later delivered to him in San Luis Obispo, where he was billed for $500.

■ "The issue is whether under Business and Professions Code section 9884.9 appellant's failure to give respondent a written estimate prior to repairing respondent's car bars any recovery for the work performed.

"Business and Professions Code section 9884.9, subdivision (a), at the time of the instant transaction provided in part as follows: 'The automotive repair dealer shall give to the customer a written estimated price for labor and parts necessary for a specific job and shall not charge for work done or parts supplied in excess of the estimated price without the oral or written consent of the customer which shall be obtained at

some time after it is determined that the estimated price is insufficient and before the work not estimated is done or the parts not estimated are supplied. Nothing in this section shall be construed as requiring an automotive repair dealer to give a written estimated price if the dealer does not agree to perform the requested repair.'

"It is clear from section 9884.9 in August 1973 and as since amended that if work is done in excess of the written estimate without the consent of the customer, the repairman may not charge for the additional work.[1]

"The Automotive Repair Act became law in 1971 and as yet there are no appellate decisions interpreting the applicable provisions. The Attorney General has stated that 'the purposes of the Act are to foster fair dealing [and] to eliminate misunderstandings.' (55 Ops.Cal.Atty. Gen. 278 (1972)).

"Appellant argues that the Automotive Repair Act sufficiently protects consumers by vesting in the Director of the Bureau of Automotive Repair the discretion to suspend or revoke the licenses of noncomplying repairmen. The trial court concluded that allowing appellant to recover despite his failure to provide a written estimate would circumvent the purposes of the act.

"*City Lincoln-Mercury Co.* v. *Lindsey* (1959) 52 Cal.2d 267 [339 P.2d 851, 73 A.L.R.2d 1420], involved a similar consumer protection statute. The underlying facts are as follows: The defendant purchased a new Lincoln on a conditional sales contract from the plaintiff's company. At the time the defendant signed the sales order, the time price differential and the contract balance were not filled in as required by subdivision (a) of section 2982 of the Civil Code. After making two installment payments, the defendant returned the automobile to the seller who in turn resold it and brought an action against the defendant for the deficiency. The defendant answered contending that the contract was illegal and unenforceable.

---

[1]Section 9884.9, subdivision (a), of the Business and Professions Code, presently reads as follows: "The automotive repair dealer shall give to the customer a written estimated price for labor and parts necessary for a specific job. No work shall be done and no charges shall accrue before authorization to proceed is obtained from the customer. No charge shall be made for work done or parts supplied in excess of the estimated price without the oral or written consent of the customer which shall be obtained at some time after it is determined that the estimated price is insufficient and before the work not estimated is done or the parts not estimated are supplied. Nothing in this section shall be construed as requiring an automotive repair dealer to give a written estimated price if the dealer does not agree to perform the requested repair."

"The court held that 'The provision of section 2982, subdivision (a), . . . is for the protection of the purchaser; a violation of the subdivision in this respect makes the contract unenforceable by the seller.'

"In the case at bar appellant gave respondent no written estimate and no precise oral estimate of the costs or extent of the repairs to be performed. . . . This violation of Business and Professions Code section 9884.9 rendered the contract unenforceable by this appellant-dealer.

"While recognizing the factor of unjust enrichment, the primary purpose of the rule of unenforceability is the discouragement of practices forbidden by law. Because appellant could have easily complied with Business and Professions Code section 9884.9, no reason exists 'for declining to apply this rule in this case.

"Appellant argues he is entitled to quantum meruit equitable relief. However, he failed to advance this theory in his pleadings and offered no evidence at trial as to the reasonable value of his services. This precludes such relief on appeal.

"Even if appellant had presented this issue properly on appeal, he would be denied relief. *Tiedje* v. *Aluminum Taper Milling Co.* (1956) 46 Cal.2d 450 [296 P.2d 554], states the general rule that 'the guilty party to an illegal contract cannot bring an action to enforce the contract or to recover on principles of quasi contract the benefits he has conferred under it.' (See also *Fong* v. *Miller* (1951) 105 Cal.App.2d 411 [233 P.2d 606].

"Appellant auto repair dealer has violated Business and Professions Code section 9884.9 enacted for the protection of respondent, his customer.

"This violation renders the repair contract unenforceable at law. Equitable relief is granted in such cases only under narrowly drawn exceptions to the general rule designed to discourage such violations by refusing relief. Appellant does not fall within these exceptions."

The judgment of the municipal court is affirmed.