Opinion
ALARCON, J.
Defendant has appealed from a judgment for plaintiff awarding costs of parts and labor expended in repairing defendant’s automobile.

Pertinent Facts:

Plaintiff, Karl Schreiber, doing business as Schreiber Motors, was engaged in the business of repairing and servicing foreign cars. In October of 1972, defendant, Thomas Kelsey, brought his 1956 Porsche “Speedster” automobile to plaintiff “for the purpose of restoration” by having a rebuilt engine installed, the transmission rebuilt, and certain other mechanical work done. No written estimate for the, labor or parts required for the mechanical work to be performed by plaintiff was prepared or presented to defendant at that time.
*1084 Over a period of approximately one year (during which time the vehicle was removed from the plaintiff’s garage for the purpose of having other work done, i.e., body and upholstery) the plaintiff performed the requested mechanical work. There were oral estimates of the cost of labor and parts furnished by plaintiff to defendant while plaintiff’s work was in progress and oral authorizations therefor by defendant.
On October 1, 1973, after the work performed by plaintiff had been completed and the car redelivered to defendant, plaintiff presented to defendant a written invoice in the amount of $1,313.12, of which defendant paid to plaintiff the sum of $400. The balance of $913.12 was sought by plaintiff in the action below.

Discussion:

This case is controlled by Business and Professions Code section 9884.9, subdivision (a), which, at the time of the transaction in question, provided in pertinent part as follows: “The automotive repair dealer shall give to the customer a written estimated price for labor and parts necessary for a specific job and shall not charge for work done or parts supplied in excess of the estimated price without the oral or written consent of the customer which shall be obtained at some time after it is determined that the estimated price is insufficient and before the work not estimated is done or the parts not estimated are supplied.”[1]
This section bars recovery by an automotive repair dealer for work done in the absence of a written estimated price for labor and parts. The statute does provide for recovery for work done in excess of the original estimated price, if oral or written consent of the customer is obtained. However, strict construction of this consumer-protection statute is *1085 mandated by the holding in Bennett v. Hayes (1975) 53 Cal.App.3d 700 [125 Cal.Rptr. 825], where the court said: “This violation of Business and Professions Code section 9884.9 rendered the contract unenforceable by this appellant-dealer. . . . While recognizing the factor of unjust enrichment, the primary purpose of the rule of unenforceability is the discouragement of practices forbidden by law.”

Issues presented on this appeal:

1. Does the fact that the work was performed in the “restoration” of a 1956 Porsche automobile render inapplicable the provisions of Business and Professions Code section 9884.9, subdivision (a)?
2. Assuming the statute is applicable to the original work requested because no written estimate was given, does it apply to subsequent work which was orally authorized?

Restoration:

Respondent contends that the work performed was not automotive repair, but rather that “Appellant gave the respondent undetermined discretion to affect [j/c] those repairs and modifications so as to restore the vehicle, much as if it were a valued relic.” It is respondent’s position that Business and Professions Code section 9884.9, subdivision (a), is therefore inapplicable, since he claims the statute was not intended to cover work of this nature, i.e., the restoration of a classic car.[2]
Respondent argues that a precise written estimate on restorative work could not have been given, and that restoration is an exception to the provisions of the statute.
The Legislature has provided for certain specified exceptions to the requirements of this statute. Business and Professions Code, section 9880.1, subdivision (f), defines “repair of motor vehicles” as follows: “(f) ‘Repair of motor vehicles’ means all maintenance of and repairs to motor vehicles performed by an automotive repair dealer, but excluding repairing tires, changing tires, lubricating vehicles, installing light bulbs, *1086 batteries, windshield wiper blades, and other minor accessories, cleaning, adjusting, and replacing spark plugs, replacing fan belts, oil and air filters, and other minor services, which the director, by regulation, determines are customarily performed by gasoline service stations.”
Restoration is not a stated exception to the statute. The only work specifically eliminated from the requirements of the statute is work of a minor nature and of a type ordinarily performed by gasoline service stations. Such minor repairs were apparently excluded by the Legislature, not because an estimate would be difficult to provide, but because the cost of such repairs is too low to warrant inclusion.
Further, there is no evidence that the work done by plaintiff, although labeled “restoration” in his brief, was anything other than automotive repair. Plaintiff’s company name is stated on his invoice as follows: “Schreiber Motors, Foreign Car Repair and Service.” In his complaint, plaintiff alleges, at page 2, lines 13-16, that: “. . . on or about October 1, 1973 [szc] at the request and insistance [sic] of the defendants, and each of them, the plaintiff furnished automotive parts and labor in effecting repairs to said vehicle.” (Italics added.) It is clear, therefore, that plaintiff himself, at least in the pleading of his cause of action, considered the work performed automotive repair.
In any event, even if the work performed by plaintiff were restoration, rather than repair, it is not expressly exempted from the provisions of Business and Professions Code section 9884.9, subdivision (a).

Oral A uthorization:

We conclude that the language of the statute precludes recovery not only under the initial agreed-upon figure, but under all subsequent modifications. If we were to determine that each oral modification was, in fact, a separate contract, then we would come full circle and be once again bound by the provisions of Business and Professions Code section 9884.9, subdivision (a), to the effect that such a new contract must be in writing.
Further, if we were to construe the statute as permitting recovery for repairs done on oral authorization where there was no written estimate, the statute could easily be avoided in every case. The giving of a low oral estimate, followed by a series of high oral estimates for major repairs not *1087 contemplated by the consumér at the time the car was turned over, would allow easy circumvention of the intended purpose of the statute.
Therefore, recovery for work done in excess of the original estimate may only be allowed where the original estimate was in writing.
The judgment appealed from is reversed. Appellant to recover costs on appeal.
Marshall, P. J, and Cole, J., concurred.

The statute currently reads: “The automotive repair dealer shall give to the customer a written estimated price for labor and parts necessary for a specific job. No work shall be done and no charges shall accrue before authorization to proceed is obtained from the customer. No charge shall be made for work done or parts supplied in excess of the estimated price without the oral or written consent of the customer which shall be obtained at some time after it is determined that the estimated price is insufficient and before the work not estimated is done or the parts not estimated are supplied. Nothing in this section shall be construed as requiring an automotive repair dealer to give a written estimated price if the dealer does not agree to perform the requested repair.”

It should be noted that in Bennett v. Hayes, supra, the repair work was performed in 1973 on a 1964 Jaguar.