Lebanon District Court
No. 7726

WAYNE BROOKS

v.

R. A. CLARK'S GARAGE, INC.

October 17, 1977

*New Hampshire Legal Assistance,* of Lebanon, *Mark A. Larsen* and *Alan Krans* (*Mr. Larsen* orally), for the plaintiff.

*Decato & Cirone,* of Lebanon (*Mr. R. Peter Decato* orally), for the defendant.

BOIS, J.     This is an action in trover to recover damages arising out of the repair and sale of plaintiff's motor vehicle. Trial by the Court (*Lovejoy,* J.) resulted in a verdict for the defendant. Plaintiff appeals.

The court found the facts to be generally as follows: On October 23, 1975, plaintiff had his Jeep vehicle towed to the defendant garage, where he requested an estimate on certain repairs and subsequently orally authorized that the work be done. No written estimate of said work was provided nor did the plaintiff waive in writing such an estimate. Parties agreed that the subsequent auction sale of the vehicle to satisfy defendant's mechanic's lien was lawfully conducted.

The only question before us is whether defendant's admitted failure to supply plaintiff with a written estimate as required by RSA 269:8 (Supp. 1975) precludes it from recovering on its oral contract.

The pertinent sections of RSA 269:8 (Supp. 1975) provide:

II. Every repairman who agrees to perform any repair on a customer's motor vehicle shall give to such customer a written estimated price for labor and parts necessary for such repair. No work shall be done and no charges shall accrue before authorization to proceed is obtained from the customer. . . .

\* \* \* \*

IV. A customer may waive in writing this section.

Plaintiff contends the statute should be construed as providing that a repairman is not entitled to recover for repairs absent a written estimate or written waiver of the right to said estimate. Defendant argues that the statute is penal in nature and was not intended to bar recovery for authorized repairs made.

The defendant's argument overlooks the legislative history of the statute. Speaking before the senate in favor of passage of RSA 269:8 (Supp. 1975), Senator Fennelly explained:

The bill protects the consumer against being overcharged by garages and people who are doing work on their cars. Many times a woman or a man goes in and gets an estimate, and it is $100. When he comes back the repair job costs $250 without notification. This bill pertains to all vehicles, trucks, etc. What this bill will do is not to increase the original estimate more than ten percent unless the party involved that brings the vehicle in is notified of the additional work that has to be done on the vehicle. N.H.S. Jour. 539 (1975).

It would be inconsistent with this intention to protect the consumer to deny private redress on the ground that the statute was intended to operate only via criminal sanctions. The States of Connecticut and California have so interpreted statutes similar to ours. *See DeBiase v. Garnsey*, 103 Conn. 21, 130 A. 81 (1925); *Bennett v. Hayes*, 53 Cal. App. 3d 700, 125 Cal. Rptr. 825 (Ct. App. 1975); *Schreiber v. Kelsey*, 62 Cal. App. 2d Supp. 45, 133 Cal. Rptr. 508, (App. Dep't Super. Ct. 1976).

772

■ The language of RSA 269:8 (Supp. 1975) itself supports our holding that a written estimate must be given if recovery is to be had and further that any waiver must be in writing.

■ This conclusion also disposes of the defendant's claim for restitution under a *quantum meruit* theory, since to permit recovery under this theory would be inconsistent with the denial of recovery under the contract. Generally the guilty party to an illegal contract cannot bring an action to enforce the contract or to recover on principles of quasi-contract the benefits he has conferred under it. *See Colten & Co., Inc. v. Manchester Savings Bank,* 105 N.H. 254, 197 A.2d 208 (1964); *American Home Improvement Inc. v. MacIver,* 105 N.H. 435, 201 A.2d 886 (1964).

*Exceptions sustained.*

DOUGLAS, J., did not sit; GRIMES, J., dissented; the others concurred.