[No. 5782–8–III.   Division Three.   September 18, 1984.]

MATTHEW PAUL WEBB, *Appellant,* v. KIM RAY, ET AL,
*Defendants,* DISHMAN PAINT & BODY,
INC., *Respondent.*

*Donald A. O'Neill,* for appellant.

*Mark J. Conlin,* for respondent.

THOMPSON, J.—Matthew Paul Webb appeals a judgment apportioning liability between himself and Dishman Paint & Body, Inc., (Dishman) for work performed on his Corvette. We reverse and remand.

In March 1981, Kim Ray, an independent contractor, orally agreed to repair, paint, and clean the engine of Matthew Webb's 1969 Corvette for $1,000. While the work was in progress, Kim Ray was hired by Dishman; and on September 8, 1981, the partially completed Corvette was removed to Dishman without Matthew Webb's knowledge or consent.

Matthew Webb remained in contact with Kim Ray, conferring with him regarding progress on the car and making periodic payments totaling $750. No written or oral estimate of repairs was given by Dishman to Matthew Webb, although various Dishman employees spent 22 hours preparing the car for painting.

In June 1982, Monte Irby, Dishman's manager, informed Matthew Webb that his Corvette was ready. Upon arriving at Dishman, Matthew Webb was presented with a bill totaling $2,829.17. Matthew Webb tendered the $250 he believed was still owing, but his offer was refused. Monte Irby then claimed a "possessory lien" on behalf of Dishman, and refused to release the Corvette to Matthew Webb

until the bill was paid.

Matthew Webb commenced an action for replevin, breach of contract, and violation of the Consumer Protection Act. Following a hearing, the Corvette was returned to Matthew Webb conditioned upon his posting a bond. After trial on December 2, 1982, the court rendered a judgment in which the alleged balance of $1,829.17 was reduced to $609.12, then increased by $250, the amount which Matthew Webb owed on the original oral contract with Kim Ray. The parties were ordered to pay their own attorney fees.

Matthew Webb's appeal presents two issues: whether the automotive repair act, RCW 46.71, precludes Dishman from charging Matthew Webb for work performed on the Corvette, and whether the court erred in requiring the parties to pay their own attorney fees.

In 1977, the Legislature enacted the automotive repair act, RCW 46.71,[1] which requires a repairman to "furnish the customer with a written estimate of the costs of repairs before work is commenced." *I–5 Truck Sales & Serv. Co. v. Underwood*, 32 Wn. App. 4, 8, 645 P.2d 716, *review denied*, 97 Wn.2d 1033 (1982). The pertinent statutory provisions, RCW 46.71.040(1), (2) (Laws of 1977, 1st Ex. Sess., ch. 280, § 4, p. 967) read:

> (1) If the price is estimated to exceed fifty dollars, the automotive repairman shall, prior to the commencement of supplying any parts or the performance of any labor, provide the customer a written estimate or the following choice of estimate alternatives: . . .
> (2) If the customer signs or initials alternative 1 or if none of the alternatives is signed or initialed by the cus-

---

[1]RCW 46.71 was later amended by the Legislature, effective June 10, 1982, to read:

"If the price of the automotive repairs is estimated to exceed seventy–five dollars and the repairman chooses to preserve any right to assert a possessory or chattel lien or if the customer requests a written price estimate, the automotive repairman shall, prior to the commencement of supplying any parts or the performance of any labor, provide the customer a written price estimate . . ." RCW 46.71.040(1).

tomer, the automotive repairman shall, prior to supplying any parts or performing any labor, give to the customer a written price estimate for the labor and parts necessary for the specific repair requested. The repairman may not charge for work done or parts supplied which are not a part of the written price estimate . . .

Although we hold the 1977 statute applies, we disagree with Dishman's and the trial court's interpretation of the statute.

Dishman, in argument, and the trial court, in rendering its decision, relied upon *Parberry Equip. Repairs, Inc. v. James,* 34 Wn. App. 728, 663 P.2d 1375 (1983). However, *Parberry* subsequently was reversed in *Garth Parberry Equip. Repairs, Inc. v. James,* 101 Wn.2d 220, 676 P.2d 470 (1984). The Supreme Court, approving the reasoning of the *I–5* court which first construed the statute, adhered to a strict interpretation of RCW 46.71, holding that without a written estimate an automotive repairman could not charge for work performed or parts supplied. *Garth Parberry Equip. Repairs, Inc. v. James,* 101 Wn.2d at 223. Thus, an oral estimate, or, in the case of Dishman, no estimate is not substantial compliance with the automotive repair act. *See I–5 Truck Sales & Serv. Co. v. Underwood, supra* at 11.

Dishman contends RCW 46.71.040 should be interpreted to mean that if the work had already begun with the owner's consent and was then taken over and completed by a third party, the repairman did not need to give a written estimate as to the cost of repairs for the work in progress. We disagree. To follow Dishman's logic would allow a repairman to circumvent the statute by merely transferring the work to another repairman not a party to the original oral agreement. The Legislature has specifically decreed that a written estimate must be given by the automotive repairman; thus, "a repairman who finds himself outside the law cannot enforce collection of these repairs either at law or in equity." *I–5 Truck Sales & Serv. Co. v. Underwood, supra* at 11.

Dishman next argues RCW 46.71 allows the original estimate to be exceeded where the customer gives the repairman oral or written authorization. Although Dishman concedes Matthew Webb gave Dishman no written or oral authorization to exceed the original $1,000 agreement, Dishman contends authorization may be found in Matthew Webb's conduct.

Dishman misreads the automotive repair act. "[A] repairman may [obtain] consent to exceed the *initial written estimate* if he does so prior to commencing work." (Italics ours.) *I–5 Truck Sales & Serv. Co. v. Underwood, supra* at 10. Since neither Kim Ray nor Dishman provided Matthew Webb with a written estimate, this exception does not apply.

Finally, Dishman contends the repair was a "type of specialty work" for which estimates were not ordinarily given. Dishman claims the usual practice would have been to repair the car and perform the painting on a material and time basis. However, there was testimony at trial that Matthew Webb had obtained estimates from others in the business of painting Corvettes. Restoration work has been held to fall within an automotive repair act. *See Schreiber v. Kelsey,* 62 Cal. App. 3d Supp. 45, 133 Cal. Rptr. 508 (1976) (1956 Porsche); *Bennett v. Hayes,* 53 Cal. App. 3d 700, 125 Cal. Rptr. 825 (1975) (1964 Jaguar). We conclude the automotive repair act precludes Dishman from charging Matthew Webb for work performed on the Corvette.

We turn next to the question of attorney fees. Matthew Webb contends he is entitled to attorney fees under the provisions of former RCW 19.86.090 (Laws of 1970, 1st Ex. Sess., ch. 26, § 2, p. 203). We agree. Dishman's assertion of a possessory lien against Matthew Webb's Corvette was a per se violation of RCW 19.86.020[2] as expressly provided in

---

[2]RCW 19.86.020:

"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

former RCW 46.71.070[3] (Laws of 1977, 1st Ex. Sess., ch. 280, § 7, p. 968). *I–5 Truck Sales & Serv. Co. v. Underwood, supra* at 12. Since a violation has been proven, former RCW 19.86.090 and the relief provided therein is available to Matthew Webb. The facts in this case indicate Matthew Webb is precisely the type of consumer the Legislature sought to protect in enacting the automotive repair act. It was an abuse of discretion not to allow Matthew Webb his attorney fees under former RCW 19.86.090.

As previously noted, we reverse the trial court and hold that Dishman is precluded by the automotive repair act from charging Matthew Webb for work performed on the Corvette; we remand for a determination of reasonable attorney fees under the provisions of former RCW 19.86.090.[4]

MUNSON, C.J., and McINTURFF, J., concur.

Reconsideration denied October 16, 1984.

Review denied by Supreme Court December 19, 1984.

---

[3]Former RCW 46.71.070:

"The assertion of a possessory or chattel lien in violation of this chapter shall be an unfair practice under chapter 19.86 RCW. Notwithstanding RCW 46.64.050, no violation of this chapter shall give rise to criminal liability under that section."

[4]Former RCW 19.86.090 provided in pertinent part:

"Any person who is injured in his business or property by a violation of RCW 19.86.020 . . . may bring a civil action in the superior court . . . to recover the actual damages sustained by him . . . together with the costs of the suit, including a reasonable attorney's fee . . ."