[No. H001621. Sixth Dist. Sept. 9, 1987.]

■FRANK DONALDSON et al., Plaintiffs and Appellants, v. JACQUES ABOT et al., Defendants and Respondents.

COUNSEL

Jack P. Schotte for Plaintiffs and Appellants.

David L. Hodghead for Defendants and Respondents.

OPINION

**AGLIANO, P. J.—**

## I

Plaintiffs Frank and Patricia Donaldson appeal from a judgment after court trial awarding defendant Jacques Abot,[1] doing business as French Car Service, $5,180.14 for repairs to plaintiffs' 1973 Citroen Maserati. We will reverse, finding dispositive defendant's failure to provide an initial written estimate in violation of Business and Professions Code section 9884.9.

## II

### Facts

■ "We review the evidence on appeal in favor of the prevailing party, resolving conflicts and drawing reasonable inferences in support of the judgment. [Citations.]" (*Claussen* v. *First American Title Guaranty Co.* (1986) 186 Cal.App.3d 429, 431 [230 Cal.Rptr. 749].)

Prior to going into business as French Car Service, defendant worked for Western Hemispheres, and while there twice repaired plaintiffs' car in July

---

[1] Sued as Jacques Doe.

and November 1980. Neither time did plaintiffs sign the repair orders, which presumably were orally authorized.

In either November 1981, according to plaintiff Frank Donaldson (Donaldson), or April 1982, according to defendant, Donaldson called Western Hemispheres about transmission repair and was referred to defendant, doing business in Santa Cruz County as French Car Service. Defendant towed plaintiffs' car from their residence in Marin County. There followed a number of phone calls and at least one visit by Donaldson during which defendant proposed and Donaldson agreed to different repairs at various costs, which defendant noted on work orders. For example, on May 20, 1982, they agreed on a $1,200 estimate for transmission work to be completed in 90 days. They later agreed on a $350 estimate to repair timing chains and on replacement of two tires and an outside mirror. Defendant never gave plaintiffs a written estimate of the cost of intended repairs, despite being generally familiar with the law which required it.

Plaintiffs gave defendant a downpayment check for $750 in May or June 1982, which bounced and was later made good. Defendant asked for the money to buy some parts needed for the car repair. Defendant notified Donaldson by phone in October 1982 and later in writing that the repair work was done, and was told plaintiffs could not then pay the additional amount of approximately $2,400 for parts and labor. Plaintiffs in December 1982 were on the verge of bankruptcy. They asked for reductions in the amount due. In October 1983, defendant sent plaintiffs a bill for $2,721.46, including $300 for storage of the car and excluding the downpayment. In November 1983, defendant commenced lien sale proceedings. Plaintiffs' complaint was filed in April 1984, after which defendant released the car to plaintiffs upon posting of a bond.

### III

*Discussion*

Business and Professions Code section 9884.9 states in part: "(a) The automotive repair dealer shall give to the customer a written estimated price for labor and parts necessary for a specific job. No work shall be done and no charges shall accrue before authorization to proceed is obtained from the customer. No charge shall be made for work done or parts supplied in excess of the estimated price without the oral or written consent of the customer which shall be obtained at some time after it is determined that the estimated price is insufficient and before the work not estimated is done or the parts not estimated are supplied. If such consent is oral, the dealer shall make a notation on the work order of the date, time, name of person

authorizing the additional repairs and telephone number called, if any, together with a specification of the additional parts and labor and the total additional cost, and shall either: [¶] (1) Make a notation on the invoice of the same facts set forth in the notation on the work order; or [¶] (2) Upon completion of repairs shall obtain the customer's signature or initials to an acknowledgment of notice and consent, where there is an oral consent of the customer to additional repairs, in the following language:

" 'I acknowledge notice and oral approval of an increase in the original estimated price.

*(signature or initials)'*

"Nothing in this section shall be construed as requiring an automotive repair dealer to give a written estimated price if the dealer does not agree to perform the requested repair. . . ."

*Bennet* v. *Hayes* (1975) 53 Cal.App.3d 700 [125 Cal.Rptr. 825], confronted "an important question of law, to wit, whether an automobile repair dealer's failure to give his customer a written estimate prior to repair of the customer's automobile, as required by section 9884.9 . . . , bars any recovery for work performed." (*Id.,* at pp. 701-702.) Noting how easy compliance would have been, the court's conclusion was that the car repairer's failure to provide the car owner with either a written estimate or a precise oral estimate violated an earlier version of the statute and " 'rendered the contract unenforceable' " by the car repairer. (*Id.,* at p. 704.) In dictum, the court indicated the car repairer could not have recovered under a properly presented quantum meruit theory, under the " 'general rule that "the guilty party to an illegal contract cannot bring an action to enforce the contract or to recover on principles of quasi contract the benefits he has conferred under it." ' " (*Ibid.*)

The court further stated: " 'Equitable relief is granted in such cases only under narrowly drawn exceptions to the general rule designed to discourage such violations by refusing relief. Appellant does not fall within these exceptions.' " (*Ibid.*)

*Schreiber* v. *Kelsey* (1976) 62 Cal.App.3d Supp. 45, 50-51 [133 Cal.Rptr. 508], clarifies that when there is no initial written estimate, a car repairer cannot recover for orally approved increases over the original oral estimate. Other jurisdictions have similarly barred a car repairer's recovery absent a written estimate required by a consumer protection statute. (See Annot. (1983) 25 A.L.R.4th 506.) *Parada* v. *Small Claims Court* (1977) 70

Cal.App.3d 766, 769 [139 Cal.Rptr. 87], observes that the statute does not require the car owner's authorization of repairs to be in writing.

■ The trial court found defendant complied with the statute. The judgment must be reversed because this crucial finding lacks any evidentiary support. (*Claussen* v. *First American Title Guaranty Co., supra,* 186 Cal.App.3d 429, 436-437.)

Defendant misperceives the essential statutory violation on appeal, as he did below. The issue is not that plaintiffs never authorized the work in writing, but that defendant never gave them an initial written estimate. Neither defendant nor the trial court has articulated, nor can we imagine, why defendant should be excused from compliance with the statute.

## IV

The judgment for defendant is reversed.[2] Plaintiffs to recover costs on appeal.

Brauer, J., and Capaccioli, J., concurred.

---

[2] In light of this disposition, we need not resolve the parties' contentions about the significance of the absence of a filed cross-complaint.