[No. 10676–4–III.   Division Three.   April 25, 1991.]

BILL MCCURLEY CHEVROLET, INC., *Respondent,* v. NORMAN RUTZ, ET AL, *Appellants.*

*Ronald K. McAdams* and *McAdams, Ponti & Junke, P.S.,* for appellants.

*Stephen T. Osborne* and *Raekes, Rettig, Osborne, Forgette & O'Donnell,* for respondent.

GREEN, C.J.—Bill McCurley Chevrolet, Inc., brought this action against Rebecca Rutz and her parents, Norman and Roxanna Rutz, to recover $7,511 for repairs to a 1987 Chevrolet Camaro. McCurley Chevrolet was awarded $3,657.24. The Rutzes appeal.

One issue is presented: Did the court err by denying the Rutzes' motion to set aside the verdict and award them attorney fees based on violations of the Automotive Repair Act, RCW 46.71, and the Consumer Protection Act, RCW 19.86? We find no error and affirm.

On April 14, 1987, McCurley Chevrolet sold the Camaro to Ms. Rutz.[1] On April 18, Ms. Rutz was involved in a collision that caused substantial damage to the car. With the consent of Ms. Rutz and her insurance carrier, the vehicle was towed to McCurley Chevrolet to estimate the costs of repair. Although Ms. Rutz requested a written estimate of costs, the written estimate was given to the insurance carrier, who then authorized the repair work. Her father kept abreast of the repair work as it proceeded by visiting the McCurley Chevrolet repair shop at least once a week. By June the work was completed and the car was released to

---

[1]Ms. Rutz did not supply this court with an adequate record to support her statement of facts and did not support most of the statement of facts with references to the Clerk's Papers in violation of RAP 9.6(a) and RAP 10.3(a)(4). One of the purposes of the rules is to provide the parties who are most familiar with the record the opportunity to point out those facts which they believe are salient and thus provide a meaningful method of review. That purpose is frustrated when this court must make that determination.

Ms. Rutz. The insurance carrier issued a check to Ms. Rutz and McCurley Chevrolet for the costs of repair in the amount of $7,114.48. After she and her father drove the car, they were not satisfied with the work and brought it back to McCurley Chevrolet. This occurred numerous times until November. During this time, McCurley Chevrolet demanded payment and finally in November told the Rutzes unless payment was forthcoming it would keep possession of the car the next time it was returned. Ms. Rutz decided not to bring it back under those conditions.

McCurley Chevrolet brought this action to collect for the repairs. The Rutzes claimed the work was unsatisfactory and tendered the insurance check to the court. The jury awarded McCurley Chevrolet $3,657.24. This appeal followed.

First, the Rutzes contend McCurley Chevrolet failed to comply with the provisions of the Automotive Repair Act, RCW 46.71.040, which requires a written estimate of the repair costs be given the customer prior to commencing the work. Consequently, they claim the matter should have been dismissed. We disagree.

RCW 46.71.040 provides in part:

> (1) If the price of the automotive repairs is estimated to exceed seventy-five dollars and the repairman chooses to preserve any right to assert a possessory or chattel lien or if the customer requests a written price estimate, the automotive repairman shall, prior to the commencement of supplying any parts or the performance of any labor, provide the customer a written price estimate or the following choice of estimate alternatives:

A violation of this act constitutes a violation of the Consumer Protection Act. RCW 46.71.070.

The Automotive Repair Act is a consumer protection statute designed to foster fair dealing and to eliminate misunderstandings in a trade replete with frequent instances of unscrupulous conduct. *I-5 Truck Sales & Serv. Co. v. Underwood*, 32 Wn. App. 4, 11, 645 P.2d 716, *review denied*, 97 Wn.2d 1033 (1982). The act is strictly construed. *Webb v. Ray*, 38 Wn. App. 675, 688 P.2d 534, *review*

*denied,* 103 Wn.2d 1010 (1984). Consequently, in those cases where a repairman provided only an oral estimate, the repairman was precluded from recovering the repair costs. *Garth Parberry Equip. Repairs, Inc. v. James,* 101 Wn.2d 220, 225, 676 P.2d 470 (1984); *Webb v. Ray, supra; I–5 Truck Sales & Serv. Co. v. Underwood, supra. See also* Annot., *Automobile Repairman's Duty To Provide Customer With Information, Estimates, or Replaced Parts, Under Automobile Repair Consumer Protection Act,* 25 A.L.R.4th 506 (1983).

Here, Ms. Rutz's insurer was provided with a written estimate and the repairs were done with her knowledge and approval. In these circumstances, the question is whether Ms. Rutz's insurer was acting as her agent when it accepted the written estimate, or whether she waived her right to assert a violation of the act. Although this theory was not raised at trial, we may affirm the trial court on any theory which is established by the pleadings and supported by the proof. *LaMon v. Butler,* 112 Wn.2d 193, 200–01, 770 P.2d 1027, *cert. denied,* ___ U.S. ___, 107 L. Ed. 2d 29, 110 S. Ct. 61 (1989).

A principal may be liable because of the apparent or ostensible authority of its agent. Apparent authority can only be inferred from the acts of the principal, not from the acts of the agent, and there must be evidence the principal had knowledge of the agent's acts. *Mauch v. Kissling,* 56 Wn. App. 312, 316, 783 P.2d 601 (1989); Restatement (Second) of Agency § 27, at 103 (1958). Apparent authority exists when, although authority is not actually granted, "the principal knowingly permits the agent to perform certain acts, or where he holds him out as possessing certain authority". *Taylor v. Smith,* 13 Wn. App. 171, 177, 534 P.2d 39 (1975) (quoting *Larson v. Bear,* 38 Wn.2d 485, 230 P.2d 610 (1951)). In *Fair Price House Moving Co. v. Pacleb,* 42 Wn. App. 813, 819, 714 P.2d 321 (1986) (quoting *Lamb v. General Assocs., Inc.,* 60 Wn.2d 623, 627–28, 374 P.2d 677 (1962)), the court stated the test for determining apparent authority is an objective one:

Facts and circumstances are sufficient to establish apparent authority only when a person exercising ordinary prudence, acting in good faith and conversant with business practices and customs, would be misled thereby, and such person has given due regard to such other circumstances as would cause a person of ordinary prudence to make further inquiry.

Even if an agent acts without the principal's authority, the principal may nevertheless ratify the agent's act by acting with full knowledge of the act, accepting the benefits of the act or intentionally assuming the obligation imposed without inquiry. *Stroud v. Beck,* 49 Wn. App. 279, 286, 742 P.2d 735 (1987).

▮ Although the question of an agency relationship is generally one of fact, when the facts are not disputed and susceptible of only one interpretation, the relationship becomes a question of law. *Orsi v. Aetna Ins. Co.,* 41 Wn. App. 233, 239, 703 P.2d 1053 (1985). Here, the undisputed facts reflect Ms. Rutz and her father permitted the work to be undertaken without objection and regularly visited McCurley Chevrolet to check on the progress of the repairs. Additionally, Ms. Rutz accepted the insurance check without objecting to the written estimate. McCurley Chevrolet had no reason to believe Ms. Rutz had any objection to the estimate and, in fact, was told by her that she was going to endorse the check. Thus, we conclude in the context of the facts presented here the insurance carrier was the agent for Ms. Rutz as a matter of law and its acceptance of the written estimate complied with the act.

Moreover, on the facts presented, Ms. Rutz waived her right to assert McCurley Chevrolet violated the act by giving the written estimate to the insurance carrier instead of her.

▮ Waiver is the intentional relinquishment of a known right. The person against whom waiver is claimed must have intended to relinquish the right and the person's conduct must be inconsistent with any other intent. *Ward v. Richards & Rossano, Inc.,* 51 Wn. App. 423, 434, 754 P.2d 120, *review denied,* 111 Wn.2d 1019 (1988). To constitute

implied waiver, there must exist unequivocal acts or conduct evidencing an intent to waive; intent will not be inferred from doubtful or ambiguous facts. *Central Wash. Bank v. Mendelson–Zeller, Inc.,* 113 Wn.2d 346, 354, 779 P.2d 697 (1989). Here, Ms. Rutz's active involvement in the repair of her automobile coupled with her acceptance of the insurance check and her promise to endorse and deliver it to McCurley Chevrolet is sufficient to find as a matter of law an intent to waive her request.

For the foregoing reasons, we find the Automotive Repair Act was not violated by the failure of McCurley Chevrolet to deliver a written estimate to Ms. Rutz. To hold otherwise would permit the act to be used as an unwarranted shield to avoid payment of a just obligation. *See Spry v. Miller,* 25 Wn. App. 741, 746, 610 P.2d 931 (1980). On the facts presented, the purpose of the act is served.

In view of our holding, we need not reach the remaining contention.

Affirmed.

THOMPSON and SHIELDS, JJ., concur.