[No. 17027-6-III.   Division Three.   January 21, 1999.]

KAY LYBBERT, ET AL., *Appellants*, v. GRANT COUNTY, *Respondent*.

628

*George M. Ahrend*, for appellants.

*George B. Fearing* of *Leavy, Schultz, Davis & Fearing, P.S.*, for respondent.

SCHULTHEIS, C.J. — Kay and Norma Lybbert appeal the summary judgment dismissal of their claim for damages against Grant County. We reverse the order of dismissal and remand for trial on the merits.

On March 8, 1993, Mr. and Mrs. Lybbert sustained serious physical injuries as well as damage to the vehicle they were operating when it left the road. The accident was allegedly the result of a washout of a county road due to a sudden downpour in Grant County. The Lybberts filed a tort claim against the County claiming it was negligent in failing to maintain the road or warn of a hazardous condition. Receiving no response, the Lybberts commenced this negligence action.

RCW 4.16.080(2) requires that a negligence action be filed and served within three years of the date of the occurrence giving rise to the harm. The Lybberts met the filing requirement when they filed their summons and complaint with the Adams County Clerk on August 30, 1995.

The Lybberts attempted service of process on the County on September 6. After receiving instructions from the Lybberts' attorney, a process server from Moses Lake served the summons and complaint on Peggy Grigg, the administrative assistant to the Grant County Board of Commissioners. It is unclear from the record whether Ms. Grigg knew at that time that she was not statutorily authorized to accept service on behalf of the County. Nevertheless, she accepted service, made copies of the summons and complaint, and forwarded the paperwork to the commissioners, the prosecutor's office, and the public works department of Grant County. Ms. Grigg said she did not forward a copy of the summons and complaint to the County auditor's office. She stated the County did not have a formal policy in place in 1995 regarding acceptance of service.

Pursuant to RCW 4.28.080(1),[1] proper service of a summons and complaint against the County must be made on

---

[1] RCW 4.28.080 states in relevant part:

the County auditor or a deputy auditor. The County auditor did not receive a copy of the summons and complaint until the time of his deposition on July 26, 1996, which was after the expiration of the three-year statute of limitations. There is no evidence a deputy auditor had knowledge of the lawsuit prior to the expiration of the statute of limitations.

Approximately two weeks after "service" on Ms. Grigg, the Lybberts received a notice of appearance by Grant County Deputy Prosecutor, Stephen Hallstrom. Approximately one month later they received the notice of association of counsel joining George Fearing as co-counsel. The County made an immediate request for a statement of damages and sent a set of interrogatories and requests for production to the Lybberts on October 23, 1995. No mention was made of insufficient service of process.

The Lybberts sent their first set of interrogatories and requests for production to the County on February 29, 1996. Interrogatory 65 specifically asked if *any* affirmative defenses would be raised, including insufficiency of process or insufficiency of service of process. The County did not respond to the interrogatories until well after the statute of limitations had expired.

The County made a motion for summary judgment in late June 1996, citing lack of service or improper service of process and expiration of the statute of limitations. The Lybberts made a motion to strike the County's affirmative defense based on waiver and estoppel. They petitioned the court to allow them to conduct limited discovery in order to determine when the County knew that service of process was insufficient. The Lybberts' motion to compel the County to comply with this request was denied.

---

"Service made in the modes provided in this section shall be taken and held to be personal service. The summons shall be served by delivering a copy thereof, as follows:

"(1) If the action be against any county in this state, to the county auditor or, during normal office hours, to the deputy auditor, or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority."

After a hearing, the trial court denied the Lybberts' motion to strike the affirmative defense and granted a summary judgment dismissal in favor of the County. The Lybberts filed a timely notice of appeal.

The Lybberts contend the trial court erred when it granted a summary judgment dismissal in favor of Grant County on the grounds of insufficient service of process. We agree.

A summary judgment dismissal is reviewed de novo. All facts are reviewed in the light most favorable to the non-moving party, in this case the Lybberts. *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Weyerhaeuser Co. v. Aetna Cas. & Sur. Co.*, 123 Wn.2d 891, 897, 874 P.2d 142 (1994). A material fact is one on which the result of litigation depends. *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 249, 850 P.2d 1298 (1993).

The parties agree the issue on appeal is the Lybberts' reliance on Ms. Grigg's "acceptance" of service of the Lybberts' summons and complaint and the County's response thereto. The parties disagree, however, on whether the lawsuit should have been dismissed as a result of that acceptance.

The County contends that Ms. Grigg is not statutorily authorized to accept service of process for the County. Accordingly, there was insufficient service of process of the Lybberts' summons and complaint and the action is now time barred due to the three-year statute of limitations.

The County cites *Nitardy v. Snohomish County*, 105 Wn.2d 133, 712 P.2d 296 (1986) as support for the summary judgment dismissal. In *Nitardy*, a former employee sued Snohomish County for wrongful discharge within the statutory time limit. The summons and complaint were not served on the county auditor as required by RCW 4.28.080. Snohomish County filed a notice of appearance and discovery proceeded. The case does not elaborate on the

subject matter of discovery. After the statute of limitations had expired, Snohomish County sought to have the lawsuit dismissed on the grounds of improper service, which could no longer be remedied. Ms. Nitardy argued substantial compliance and an equal protection violation as her defense to improper service. The trial court granted the motion to dismiss. The Supreme Court, under the facts of the case presented, affirmed holding that the statute regarding service is clear. There can be no substantial compliance; service on anyone other than the county auditor or deputy auditor is insufficient service of process. *Id.* at 134-35.

The Lybberts argue the County waived the affirmative defense of insufficient service of process because it was not raised in a timely fashion within the statutory time period. *Romjue v. Fairchild*, 60 Wn. App. 278, 281, 803 P.2d 57, *review denied*, 116 Wn.2d 1026 (1991). Additionally, the Lybberts claim that because the County engaged in discovery unrelated to the affirmative defense while the claim was still actionable it is estopped from asserting the claim now that the action is time barred. *Raymond v. Fleming*, 24 Wn. App. 112, 115, 600 P.2d 614 (1979), *review denied*, 93 Wn.2d 1004 (1980). Finally, they maintain that as a governmental litigant, the County should be "scrupulously just in dealing with its citizens." *State ex rel. Shannon v. Sponburgh*, 66 Wn.2d 135, 143, 401 P.2d 635 (1965).

In *Romjue*, this court determined the defendant waived the defense of insufficient service by engaging in discovery that was not directed toward determining whether facts existed to support that affirmative defense. Mr. Fairchild chose not to reveal the insufficient service until after the statute of limitations expired despite the knowledge that Mr. Romjue had relied on what he thought was proper service of process. The court held: "If a defendant conducts himself in a manner inconsistent with the later assertion of the defense of insufficient service, the court is justified in declaring a waiver." *Romjue*, 60 Wn. App. at 281.

Here, the record reveals the County held itself out to the

Lybberts as going forward in defending the tort claim for approximately 10 months after the defective service. The Lybberts received notices of appearance from two attorneys defending the County in the tort claim. Counsel for the County immediately sent interrogatories and a request for a statement of damages to the Lybberts to complete. The Lybberts, in turn, sent a set of interrogatories to the County and were given some sort of verbal assurance, as late as April 1996, that the answers were forthcoming. When the Lybberts requested information from the County regarding potential affirmative defenses, the facts reveal the County waited until the statute of limitations had run to claim insufficient service of process.

We find the County's reliance on *Nitardy* is misplaced. In the case at bar, the Lybberts do not argue substantial compliance with the statute. They argue the County acted in a manner inconsistent with the later assertion of the defense of insufficient service. We agree.

■ ■ Because equitable estoppel is not a favored doctrine, a party must establish by clear, cogent, and convincing evidence the following elements: (1) an admission, statement or act inconsistent with a claim afterward asserted, (2) action by another in reasonable reliance on that act, statement, or admission, and (3) injury to the party who relied on the admission, statement or act if the court allows the first party to contradict or repudiate the prior act, statement, or admission. *Kramarevcky v. Department of Soc. & Health Servs.*, 64 Wn. App. 14, 18-19, 822 P.2d 1227 (1992), *aff'd*, 122 Wn.2d 738, 863 P.2d 535 (1993). When we review the facts in the light most favorable to the Lybberts, we find the County is estopped from raising the affirmative defense.

In early April 1996 a sheriff's deputy contacted the Lybberts' attorney, upon the advice of the County prosecutor, to find out how to answer the interrogatories. The deputy explained to the Lybberts' counsel that he was the chief investigator on this claim and was currently working on the answers to the interrogatories. He assured the Lyb-

berts' attorney that the County would be finished in the near future. The Lybberts' counsel relied on that statement. The Lybberts did not receive the answers until approximately 10 weeks later. By the time the answers were finally received, the statute of limitations on the tort claim had expired and the Lybberts discovered, for the first time, the County's insufficient service defense. The trial court dismissed the Lybberts' claim as a result of this affirmative defense. The record provides clear, cogent and convincing evidence that estoppel is proper.

■ The duty to conduct litigation in a manner above reproach is essential for all governmental entities. "The conduct of government should always be scrupulously just in dealing with its citizens . . . ." *Shannon*, 66 Wn.2d at 143. Because the defendant in the underlying action is a governmental entity, we find it should have raised the issue of insufficient service prior to the expiration of the statute of limitations. By failing to do so, the County is estopped from using it as an affirmative defense. The Lybberts deserve to have a court decide this case on its merits. We reverse the summary judgment dismissal and remand for trial on the merits.

KATO, J., concurs.

SWEENEY, J. (dissenting) — The chronology of events here is helpful:

| | |
|---|---|
| March 8, 1993 | Accident giving rise to the claim. |
| August 30, 1995 | Kay and Norma Lybbert sue Grant County for negligence. |
| September 6, 1995 | Lybberts attempt, unsuccessfully, to serve Grant County. RCW 4.28.080. |
| September 21, 1995 | Attorney for Grant County appears. |
| October 23, 1995 | Grant County serves requests for discovery, including interrogatories. |
| February 29, 1996 | Lybberts serve their requests for discovery. |

| | |
|---|---|
| May 6, 1996 | Lybberts mail responses to Grant County's discovery requests (over six months after Grant County propounded the discovery requests). |
| May 7, 1996 | The statute of limitations runs on Lybberts' claim against the County. RCW 4.16.080(2). |
| June 21, 1996 | Grant County serves its answer and affirmative defenses, including insufficiency of process. |
| June 26, 1996 | Grant County responds to Lybberts' discovery requests (1 month and 20 days after the requests were received). |

The Lybberts rely on two cases, *Raymond v. Fleming*, 24 Wn. App. 112, 600 P.2d 614 (1979), *review denied*, 93 Wn.2d 1004 (1980), and *Romjue v. Fairchild*, 60 Wn. App. 278, 803 P.2d 57, *review denied*, 116 Wn.2d 1026 (1991), for their argument that Grant County waived its right to assert the defense of insufficiency of service of process. A defense is usually waived if it is not asserted in the defendant's answer (CR 8) or included in a dispositive motion (CR 12(b)(5)). *Raymond*, 24 Wn. App. at 114-15; *French v. Gabriel*, 116 Wn.2d 584, 594, 806 P.2d 1234 (1991). Here, Grant County's affirmative defense was timely asserted in its answer.

I also believe that both *Raymond* and *Romjue* are distinguishable. And I therefore respectfully dissent.

In *Raymond*, the plaintiff was injured in an automobile accident on December 15, 1974. He sued for injuries but served the wrong party. On May 31, 1977, a lawyer appeared for the defendant, Fleming. After the appearance and before the statute had run, Raymond's lawyer asked Fleming's lawyer to answer the complaint. Fleming's lawyer responded by repeatedly asking for more time to file an answer. Raymond's lawyer gave him more time. The statute of limitations finally ran. On April 21, 1978, the

trial court dismissed Raymond's complaint because the defendants had not been properly served. *Raymond*, 24 Wn. App. at 113-14.

Division One reversed holding that the defendants had waived the right to assert the affirmative defense and should be estopped from asserting the defense. *Id.* at 114. In *Raymond*, however, unlike the case here, defense counsel deliberately lured the plaintiff along with repeated requests for more time:

> Raymond's counsel repeatedly asked for an answer to the complaint, which requests were not acceded to, and defense counsel just as repeatedly asked Raymond's counsel for additional time to file an answer, which requests were acceded to. On January 23, 1978, Raymond moved for an order of default or in the alternative for a trial assignment and for an order compelling answers to interrogatories which he had served on defense counsel on October 5, 1977. Defense counsel again asked for more time and Raymond agreed to a continuance until February 24, 1978. Upon motion of defense counsel, the hearing was continued for a second time until March 10, 1978.

*Id.*

In *Romjue*, the plaintiff tried to serve a defendant at home. Unfortunately, the defendant, a child, had moved away from the home about eight months before the attempted service. Plaintiff's counsel filed an affidavit of service reciting that service had been effected on the defendant at his parent's home—his "residence and usual place of abode." Interrogatories were propounded to the plaintiff. *Romjue*, 60 Wn. App. at 280. And, significantly, before the three-year statute of limitations ran, plaintiff's counsel confirmed his understanding that service had been properly effected:

> Please be advised that *it is my understanding that the defendants have been served in the above matter [Romjue v. Fairchild].* Accordingly, enclosed are the original and a copy of our interrogatories and a Request for Production of Documents for answering. Please get us your responses in a timely fashion.

*Id.* at 281.

Again this case is different. Here, there was no confirming letter, no understanding, and no representation by the defendant that service had been properly effected.

In *Nitardy v. Snohomish County*, 105 Wn.2d 133, 712 P.2d 296 (1986), plaintiff served a complaint on the secretary for the Snohomish County Executive rather than the Snohomish County Auditor, as required by RCW 4.28.080(1). Following suit, and before expiration of the statute of limitations, "discovery began with at least six depositions being taken." *Nitardy*, at 134.

The County appeared and was represented during all of the depositions. The statute of limitations expired. The County then moved for summary judgment on the ground of improper service. The trial court granted the motion and dismissed the action. *Id.* The Supreme Court held that substantial compliance with the statute was not sufficient. *Id.* Although the court's analysis did not include the question of waiver or estoppel, it seems to me that if substantial compliance with a service statute is not enough, then, clearly, no compliance with the statute is not enough.

Therefore, neither *Raymond* nor *Romjue* are controlling here. I also question the wisdom of a legal policy which requires waiver or estoppel of an affirmative defense if a defense lawyer fails to tell the plaintiff he or she has served the wrong person.

Waiver is, after all, the voluntary and intentional relinquishment of a known right. *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 339, 779 P.2d 249 (1989). And therefore conduct implying a waiver must be unequivocal. *Bill McCurley Chevrolet, Inc. v. Rutz*, 61 Wn. App. 53, 57-58, 808 P.2d 1167, *review denied*, 117 Wn.2d 1015 (1991). The conduct here (failing to timely answer interrogatories) is hardly "consistent with any other interpretation than intent to waive," especially since here the Lybberts took over six months to answer the defendant's discovery requests. *Saunders*, 113 Wn.2d at 340.

Imposition of the doctrine of equitable estoppel is also a stretch.

Equitable estoppel requires: (1) an admission, statement, or act inconsistent with a claim afterward asserted; (2) action by another in reasonable reliance on that act, statement, or admission; and (3) injury to the party who relied if the court allows the first party to contradict or repudiate the prior act, statement, or admission.

*Berschauer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1,* 124 Wn.2d 816, 831, 881 P.2d 986 (1994). Estoppel must be proved by clear, cogent and convincing evidence. *Id.* There is nothing in this record which I construe as representations by Grant County to the Lybberts, or their attorneys, that service had been properly effected, and they could sit by and do nothing. "The party asserting estoppel must show not only lack of knowledge of the facts, but also the absence of any convenient and available means of acquiring such knowledge." *Davidheiser v. Pierce County,* 92 Wn. App. 146, 153, 960 P.2d 998 (1998).

The Lybberts hired lawyers to protect their interests. Those interests included properly serving a complaint. The lawyers for Grant County had no obligation to protect the Lybberts' interests. RPC 3.4 (setting forth opposing counsel's duties to one another).

Whether the argument is waiver or estoppel, the heart of the Lybberts' argument is that Grant County and its lawyer had a duty to spontaneously advise the Lybberts that service had not been properly effected. In an adversarial setting, that is a new duty.

The Lybberts, and their attorneys, have court enforceable authority to require just such information. CR 37(a) (motion for order compelling discovery). A CR 55(a) motion for default, a motion to compel responses, or even a letter confirming that service had been properly effected (like in *Romjue*) before the statute runs would have discharged the plaintiffs' responsibility. Failing that, it is difficult to understand why a defense lawyer should have to advise the plaintiffs that they have not taken the necessary steps to ultimately deprive the defendant of the property.

Reconsideration denied February 12, 1999.

Review granted at 138 Wn.2d 1002 (1999).