[No. 959-2.    Division Two.    December 28, 1973.]

WESTERN LUMBER, INC., *Appellant,* v. THE CITY OF
ABERDEEN, *Respondent.*

*Arlis W. Johnson* (of *Parker & Johnson*), for appellant.

*John L. Farra,* for respondent.

ARMSTRONG, J.—This is an appeal from a summary judgment dismissing the claim of the plaintiff, Western Lumber, Inc. The facts constituting the grounds for the action are undisputed, and for this reason both parties made motions for summary judgment.

The plaintiff, Western Lumber, Inc., operated a lumber mill in the Grays Harbor area between 1955 and 1969. The mill consumed water supplied by the defendant, City of Aberdeen. In July of 1969, the plaintiff closed its mill and ceased all operations. Thereafter, the plaintiff noticed a continuing high level of water consumption causing them to suspect a leak in the system. An examination of the water lines was then conducted by an employee of the plaintiff and an employee of the defendant. In October of 1969 it was discovered that there was an extra meter on the water line.

The City of Aberdeen paid the plaintiff for the extra water charges for the 3-year period from October 1966 through July 1969 but refused to refund any overcharges for the period prior to October of 1966. Plaintiff filed a

claim with defendant in January of 1970, and when this claim was not honored, the instant action was commenced.

The trial court granted defendant's motion for summary judgment pursuant to subdivision (3) of RCW 4.16.080, the statute of limitations.[1] Plaintiff's motion for summary judgment was based upon the contention that this was an action "upon the ground of fraud," and that subdivision (4) was the applicable provision. Plaintiff assigns as error the trial court's granting of defendant's motion for summary judgment and refusal to grant plaintiff's motion. The sole issue argued by the plaintiff in this appeal is whether the trial court correctly determined that this was not an action "upon the ground of fraud." We reverse the trial court.

The position of the plaintiff is that each double water payment during the 12-year period was induced by a false representation of the amount of water actually consumed. Plaintiff admits that the misrepresentations were "innocent," and that defendant was "honest" in the belief that the representations were correct. Nevertheless, plaintiff argues that when RCW 4.16.080(4) uses the term "fraud," it encompasses innocent misrepresentations of fact. In support of this argument plaintiff cites *Pratt v. Thompson*, 133 Wash. 218, 233 P. 637 (1925), *Rackham v. Koch*, 125 Wash. 451, 216 P. 835 (1923), and *Hanson v. Tompkins*, 2 Wash. 508, 27 P. 73 (1891).

For example, in *Pratt v. Thompson, supra,* the defendant, in selling land to the plaintiff, innocently represented that a spring was located on the property being sold. Several years later the plaintiff discovered the spring was located on adjoining land. The Supreme Court rejected as

[1]RCW 4.16.080 provides, in part, as follows:

"*Actions limited to three years.* Within three years:

". . .

"(3) An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument;

"(4) An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;"

untenable the contention that this was not an action on the ground of fraud and was therefore barred by the statute of limitations. The court held: "It makes no difference whether the representations were made through mistake or with full knowledge of the facts. Even though such representations were made through honest mistake they constitute fraud in law." *Pratt v. Thompson, supra* at 222.

We are of the opinion that the holding of the court in *Pratt v. Thompson, supra,* is directly on point and that on the controlling authority of this case, RCW 4.16.080 (4) is the statute of limitations which should have been applied by the trial court.

However, we feel compelled to point out that in a more recent pronouncement of the Supreme Court, the court painstakingly held that while false statements, although innocently made, are actionable, the "gist" of the action is negligence and not fraud or deceit. *Brown v. Underwriters at Lloyd's,* 53 Wn.2d 142, 150, 332 P.2d 228 (1958); *accord, J & J Food Centers, Inc. v. Selig,* 76 Wn.2d 304, 311, 456 P.2d 691 (1969). The issue in the *Brown* case was whether an innocent misrepresentation was within the exclusionary clause of an insurance policy excepting "fraudulent" conduct from coverage. The court held the misrepresentation to be negligent but not fraudulent. Since *Brown* did not purport to construe the meaning of the term "fraud" in the context of the statute of limitations, we believe that *Pratt v. Thompson, supra,* remains the controlling authority which we must follow.

Reversed and remanded for trial on the issue of damages.

PEARSON, C.J., and PETRIE, J., concur.

Petition for rehearing denied January 22, 1974.

Review denied by Supreme Court March 5, 1974.