[No. 50390-7.   En Banc.   January 16, 1986.]

SUSAN NITARDY, *Appellant,* v. SNOHOMISH COUNTY, *Respondent.*

*Harvey Grad,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *James H. Berglund, Deputy,* for respondent.

GOODLOE, J.—The main issue presented in this case is whether service of process on a secretary to the County Executive is sufficient service on a County defendant when the applicable statute requires service on the County Auditor. We hold such service is not sufficient and affirm the trial court's grant of summary judgment in favor of the respondent County.

On October 18, 1979, appellant Susan Nitardy was discharged from her job as an employee of the Snohomish County Department of Public Works. On August 17, 1982,

Nitardy filed a summons and complaint for wrongful discharge, and served the County by serving a secretary of the Snohomish County Executive. On August 26, 1982, the prosecuting attorney's office, attorney for the County, filed a notice of appearance. Typed on the preprinted notice of appearance form was the following statement:

> Such appearance does not constitute a waiver of any claims which may be made by defendant Snohomish County concerning improper service.

Clerk's Papers, at 91. Thereafter, discovery began with at least six depositions being taken. The County was represented at all the depositions.

In February 1983, the County moved for summary judgment arguing it had been improperly served. Furthermore, the County argued that the improper service could not be remedied as the statute of limitations on the cause of action had expired. The trial court granted the County's motion and dismissed the action. Nitardy appealed. This court granted direct review.

RCW 4.28.080 outlines the service of process requirements. RCW 4.28.080(1) specifically addresses the service of process required to be made on a County defendant. It provides:

> The summons shall be served by delivering a copy thereof, as follows:
> (1) If the action be against any county in this state, to the county auditor.

RCW 4.28.080(1).

Although her action was against Snohomish County, Nitardy did not serve process on the Snohomish County Auditor. Instead she served process on a secretary to the Snohomish County Executive. Nitardy argues that her service substantially complies with the statute and that substantial compliance is sufficient to give the court jurisdiction. We disagree.

The Legislature has named a specific person who is to be served when the defendant is a governmental body. *See* RCW 4.28.080(1), (2), (3). The applicable statutory

clause is clear in its mandate. Service on anyone other than the Auditor is insufficient. *See Meadowdale Neighborhood Comm. v. Edmonds,* 27 Wn. App. 261, 616 P.2d 1257 (1980); 56 Am. Jur. 2d *Municipal Corporations, Counties, and Other Political Subdivisions* § 854 (2d ed. 1971). The Legislature has acted reasonably in naming one person to be the recipient of and to have the responsibility for receiving service of process.

The subsections of RCW 4.28.080 seem clear and explicit in their requirements on how to effectuate service. This analysis we recognize may call into question this court's decision in *Reiner v. Pittsburg Des Moines Corp.,* 101 Wn.2d 475, 680 P.2d 55 (1984). However, the specific issue of whether service on the wife of an agent of a defendant foreign corporation is sufficient under RCW 4.28.080(10) is not presented.

Nitardy also argues that requiring service of process on the County Auditor violates her right to equal protection under the laws. Her argument appears to be that there is no rational reason for the distinction made between the manner of service on a County defendant and a private corporation defendant. Nitardy tries to equate this scheme with the nonclaim statute found unconstitutional in *Hunter v. North Mason Sch. Dist.,* 85 Wn.2d 810, 539 P.2d 845 (1975). Under the nonclaim statute reviewed in *Hunter,* to preserve a cause of action against the government the plaintiff had to notify the government of the claim within a short statutory period or lose the claim. The court found "[t]his prerequisite to tort recovery has no counterpart in actions between private parties" and thus the nonclaim statute gave a procedural advantage to governmental tortfeasors. *Hunter,* at 813, 819 n.9.

However, in a subsequent case, *Coulter v. State,* 93 Wn.2d 205, 608 P.2d 261 (1980), we retreated from the broad governmental/nongovernmental framework of comparison. In *Coulter,* we found minor procedural burdens in the governmental context, if justified, would be upheld even if there were not an exact counterpart in the nongovern-

mental context. *See Hall v. Niemer,* 97 Wn.2d 574, 580–81, 649 P.2d 98 (1982).

█ Under the scheme presented in this case, it is not even necessary to utilize the *Coulter* analysis because no procedural advantage is afforded under RCW 4.28.080. RCW 4.28.080 requires service of process on all entities. The individual subsections designate whom the Legislature has determined must be served to have effective service of process. The fact that different entities have different recipients does not violate equal protection.

The trial court's summary judgment dismissal of Nitardy's cause of action because of improper service of process is affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.