[No. 21467–5–I. Division One. December 12, 1988.]

JOSEPH D. LANDREVILLE, *Appellant,* v. SHORELINE COMMUNITY COLLEGE DISTRICT No. 7, ET AL, *Respondents.*

---

*Judge Ward Williams is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

*Sam B. Franklin,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Glen A. Anderson, Assistant,* for respondents.

WILLIAMS, J.—The deciding issue is whether jurisdiction was acquired over the State when the process server left a copy of Landreville's summons and complaint in the office of the Attorney General with an administrative assistant. The controlling statute provides that in actions against the State, the summons and complaint "shall be served in the manner prescribed by law upon the attorney general, or by leaving the summons and complaint in the office of the attorney general with an assistant attorney general." RCW 4.92.020.

Landreville contends first that leaving the summons and complaint with the administrative assistant provided substantial compliance with RCW 4.92.020, making the judgment of dismissal inappropriate. When the Legislature has acted reasonably in naming one person or officer to

have the responsibility for receiving service of process, service upon anyone else is insufficient. *Nitardy v. Snohomish Cy.,* 105 Wn.2d 133, 135, 712 P.2d 296 (1986). As was said in *Meadowdale Neighborhood Comm. v. Edmonds,* 27 Wn. App. 261, 264, 616 P.2d 1257 (1980):

> When a statute designates a particular person or officer upon whom service of process is to be made in an action against a municipality, no other person or officer may be substituted.

Because RCW 4.92.020 specifies that service can only be made upon the Attorney General or left with an Assistant Attorney General, leaving the summons and complaint with the administrative assistant was not sufficient to acquire jurisdiction over the State. Actual notice to the State, standing alone, is not sufficient. Any hardship engendered by this exclusive method of service is a matter for the Legislature, not for this court, which must enforce the law as it is plainly written. *Meadowdale Neighborhood Comm. v. Edmonds, supra* at 267–68.

■ Landrevilles' secondary contention is that the State should have been estopped from contesting the service of process because the administrative assistant in the office of the Attorney General represented that she had the authority to accept service. The elements of estoppel are:

> (1) An admission, statement or act inconsistent with a claim afterwards asserted, (2) action by another in reliance upon that act, statement or admission, and (3) injury to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission.

*Board of Regents v. Seattle,* 108 Wn.2d 545, 551, 741 P.2d 11 (1987). In light of the clear language designating the proper recipient for service of process, any reliance upon the process server's statements regarding the administrative assistant's authority was not reasonable. Accordingly, the State was not estopped from contesting the service of process.

The judgment of dismissal is affirmed.

WEBSTER and WINSOR, JJ., concur.