[No. 23134–1–I.   Division One.   March 19, 1990.]

JACK W. FRENCH, *Respondent,* v. SANDRA K. GABRIEL, ET AL, *Appellants.*

*Henry E. Stiles, Erika Balazs,* and *Lukins & Annis,* for appellants.

*Barry E. Ryan,* for respondent.

WEBSTER, J.—Jack French prevailed in his suit for legal malpractice against Sandra Gabriel and Jeff Morris. Gabriel and Morris appeal a $51,872.79 judgment arguing (1) that the trial court lacked personal jurisdiction due to improper service of process, and (2) that the court erred in holding a professional service corporation liable for torts committed by Gabriel and Morris before creating the corporation. We reverse.

## FACTS

Jack French owned a cosmetology school in Spokane. In 1981, a group of three investors approached him with an offer to buy the school. After French and the investors reached a tentative agreement to sell the business, one of the investors suggested that they consult an attorney to prepare documents for the transaction. They contacted Jeff Morris to perform the work; Morris had his associate, Sandra Gabriel, draft closing documents. On March 9, 1981, the parties closed the deal. Although the agreement required the buyer to pay a $50,000 purchase price in

installments, it contained no security interest to protect French in the event of a default.

In March 1983 with a balance of $35,000 remaining on the debt, the investors defaulted on the contract. Thereafter, a corporation, which the investors had formed specifically for this transaction, began bankruptcy proceedings. At this point, French learned for the first time that he was an unsecured creditor.

French filed suit on January 31, 1986, against Sandra Gabriel alleging malpractice in her preparation of the business transaction papers. French amended his complaint on February 10, 1986, by adding Jeff Morris and Jeff Morris, P.S., a professional service corporation, as defendants. French attempted service of process upon Gabriel and Morris on February 19, 1986, by delivering a copy of a summons and complaint to a secretary at the defendants' place of business. Gabriel and Morris filed a notice of appearance on February 28, 1986, and their answer 6 months later on August 15, 1986. In their answer they asserted several affirmative defenses including insufficient service of process.

French noted the case for trial on August 26, 1986, and requested a November trial date. Gabriel and Morris objected to setting a trial date because the parties had not yet commenced discovery.

French amended his complaint in June 1987; Gabriel and Morris filed another answer raising the same affirmative defenses as in their first answer including insufficient service of process. French made no attempt to serve the defendants again.

French then moved for summary judgment on the issue of liability. Gabriel and Morris responded to the motion by filing a memorandum in opposition. In the memorandum Gabriel and Morris urged the court to grant a summary judgment dismissal of one of French's claims. The court denied French's motion but granted Gabriel and Morris's request to dismiss a cause of action.

At the beginning of trial following French's opening statement, Gabriel and Morris moved for dismissal of the suit based on insufficient service of process. The court denied the motion and ruled that the defense was waived by not presenting it before that time. At the end of trial, Gabriel and Morris again moved unsuccessfully for dismissal for insufficient service of process.

The trial court found that Gabriel and Morris breached their duty owned to French by failing to create a security interest in the documents of sale. The court awarded French $35,000 plus prejudgment interest accruing from the date that French learned that he was not a secured creditor in the transaction.

### WAIVER OF IMPROPER SERVICE DEFENSE

■ A litigant waives a defense of insufficient service of process unless the party asserts it either in a responsive pleading or in a motion under CR 12(b)(5). CR 12(h). Waiver can also occur if a party engages in conduct which is dilatory or inconsistent with asserting a defense of insufficient service of process. *See Raymond v. Fleming,* 24 Wn. App. 112, 115, 600 P.2d 614 (1979) (defendant repeatedly requested continuances when directed to file answer to complaint and failed to respond to interrogatories), *review denied,* 93 Wn.2d 1004 (1980). Generally, however, a party has an option under CR 12(b) to assert a defense of insufficient service of process one of two ways: in a responsive pleading, or in a motion made before pleading. *See* 5 C. Wright & A. Miller, *Federal Practice* § 1385, at 838 (1969). CR 12(d) prescribes the method for presenting CR 12(b) defenses prior to trial:

> **Preliminary Hearings.** The defenses specifically enumerated (1)–(7) in section (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in section (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

CR 12(d). This section of the rule confers upon a trial court discretion to hear and decide defenses prior to trial or to defer them until trial. The rule does not require a party to move the court to decide defenses prior to trial. Courts have latitude to defer a defense until trial under CR 12(d) principally because a defense sometimes constitutes the primary issue in a case. The defenses listed in CR 12(b)(1)–(7) may require a court to engage in extended factual and legal inquiries intertwined with the merits of a case. "If a party wants to have a defense determined under Rule 12(d), [the party] should take appropriate action to procure a hearing. In the absence of a request for a preliminary hearing, the determination of defenses simply may be deferred until the trial." 5 C. Wright & A. Miller § 1373, at 713. Here, Gabriel and Morris chose to assert their defense of defective service in their answer. No court rule required them to assert this defense in a motion to dismiss prior to trial.

French argues that Gabriel and Morris waived their insufficient service defense by their conduct. He points out that 6 months elapsed between filing their notice of appearance and their answer. This, he argues, constitutes dilatory conduct, citing *Raymond v. Fleming, supra.* In *Raymond,* the dilatory tactics were considerably more flagrant than here. The defendant had timely filed a notice of appearance but failed to file an answer. *Raymond,* at 114. The plaintiff repeatedly asked the defendant to file an answer and each time was met with requests for continuances. *Raymond.* The plaintiff took no further action with respect to jurisdiction on the faith of the defendant's requests for additional time. *Raymond,* at 115. Finally, almost 7 months after the plaintiff had attempted service of process, the plaintiff moved for a default judgment. *Raymond,* at 114. Again, the defendant asked for more time and the plaintiff agreed to a continuance. *Raymond.* The court found this conduct dilatory and inconsistent with a

defense of insufficient service and held that the defendant had waived it. *Raymond,* at 115.

French served Gabriel and Morris's secretary on February 13, 1986. Gabriel and Morris filed a notice of appearance on February 25. The record indicates no filing activity on the case until August 15, 1986, when the defendants filed their answer. Although he was not required to do so, French never requested Gabriel and Morris to file an answer sooner than they did. French neither moved for a default judgment nor sought terms for the delay. While not to be condoned, mere delay in filing an answer does not constitute a waiver of an insufficient service defense.

French argues that the 3–year statute of limitations expired during this period of delay precluding him from remedying the defective service. French contends Gabriel and Morris should be estopped to assert the defense in their answer because to do so would give them an unfair tactical advantage. The 3–year statute of limitations in a legal malpractice suit does not begin to run until the client discovers, or in the exercise of reasonable diligence should have discovered, the facts which give rise to the cause of action. *Crouch v. Friedman,* 51 Wn. App. 731, 735, 754 P.2d 1299 (1988). French believes that the limitations period began to run when the investors defaulted on their contract in June 1983. However, French continues to maintain that he did not learn that he was an unsecured creditor until September of 1984. Evidently, French did not suspect that Gabriel and Morris negligently drafted the documents for the sale until he discovered that he was an unsecured creditor. Had French understood the importance of a security interest, he would have insisted that the contract include such a term. Thus, the 3–year statute of limitations began to run in September 1984, when French discovered that he lacked a security interest in the business. Gabriel and Morris filed their answer which included the defective service of process defense in August 1986. French had ample time—over a year—to correct the defective service.

■ French also argues that Gabriel and Morris waived their ineffective–service defense by objecting to setting a trial date, taking a deposition, and consenting to an amendment of the complaint. We disagree. Proceeding with discovery after an insufficient service defense has been properly raised in an answer does not constitute waiver of the defense. *Crouch,* 51 Wn. App. at 735. Gabriel and Morris properly raised the defense of ineffective service under CR 12(b) by asserting it in their responsive pleading and did not waive it by proceeding with discovery and preparing other defenses.

Finally, French cites CR 12(g) and (h) and contends that Gabriel and Morris waived the defense when they responded to French's motion for summary judgment. In a memorandum of authorities filed in opposition to French's motion for summary judgment, Gabriel and Morris requested a dismissal of one of French's claims that alleged a violation of the Consumer Protection Act.

CR 12(g) provides:

> **(g) Consolidation of Defenses in Motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to [the party]. If a party makes a motion under this rule but omits therefrom any defense or objection then available to [the party] which this rule permits to be raised by motion, [the party] shall not thereafter make a motion based on the defense or objection so omitted . . ..

CR 12(h) provides in part:

> (1) A defense of . . . insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in section (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading . . ..

French argues that Gabriel and Morris's request for affirmative relief from the trial court constituted a motion under CR 12; consequently, the insufficient service defense was waived by failing to include it in the motion. For the following reasons, we reject French's contentions.

■ We find *Meadowdale Neighborhood Comm. v. Edmonds,* 27 Wn. App. 261, 616 P.2d 1257 (1980) controlling here. In *Meadowdale,* this court held that a party's argument urging dismissal of a lawsuit for failure to join a necessary party which was made in response to an opposing party's motion did not constitute a motion under CR 12. *Meadowdale,* at 269. The plaintiff sued a City and served its mayor's secretary.[1] *Meadowdale,* at 263. The City answered and asserted insufficient service of process as an affirmative defense. *Meadowdale.* Thereafter, the plaintiff moved for an order requiring the City to show cause why the relief requested in the complaint should not be granted. *Meadowdale.* At a hearing on the motion, the City urged the court to dismiss the suit for failure to join a necessary party. *Meadowdale,* at 263–64. The City did not argue insufficient service as grounds for dismissal. *Meadowdale.* The court held,

> the City's argument urging dismissal of the action for failure to join a necessary party was in response to Meadowdale's order to show cause and was not raised by way of motion. . . . Because insufficient service was raised in its answer, the City could properly raise it in a subsequent motion to dismiss.

*Meadowdale,* at 269. Here, as in *Meadowdale,* Gabriel and Morris requested dismissal of one of French's claims in response to French's motion. The record contains no written motion under CR 12, nor an entry of a motion by the Spokane Superior Court Clerk. We also have no record of the arguments made by the parties at the hearing on French's motion. We conclude that this request for dismissal constituted neither a motion under CR 12 nor a waiver of the insufficient service defense.

Moreover, the primary purpose of CR 12(g) is to prevent successive rounds of pretrial motions. *See* 3A L. Orland, Wash. Prac., *Rules Practice* § 5157, at 182 (3d ed. 1980). Because Gabriel and Morris requested dismissal of one of French's claims in *response* to a motion brought by French,

---

[1]The court held that service upon the mayor's secretary was improper and affirmed the trial court's dismissal of the suit. 27 Wn. App. at 268, 271.

the purpose of CR 12(g) would not be furthered by applying the waiver provision of CR 12(g) and (h).

Having found that the trial court erred in concluding that the defense was waived, we must next analyze its merits. French does not dispute that the individual defendants were not personally served.

Generally, jurisdiction over a defendant requires service of process by a method prescribed by statute. Personal service upon an individual is required unless a suitable person living with the individual is served at home. *See* RCW 4.28.080(14). "[M]ere receipt of process and actual notice alone do not establish valid service of process." *Haberman v. WPPSS,* 109 Wn.2d 107, 177, 744 P.2d 1032, 750 P.2d 254 (1987), *appeal dismissed,* 488 U.S. 805, 102 L. Ed. 2d 15, 109 S. Ct. 35 (1988). No statute provides for service upon an individual by serving the individual's employee at a place of business.[2] Other jurisdictions have consistently held that service is insufficient when made upon an employee of a person to be served when no evidence is presented to show that the person intended the employee to accept service on the person's behalf. *See, e.g., Smith v. Western Offshore, Inc.,* 590 F. Supp. 670 (E.D. La. 1984); *Lamont v. Haig,* 539 F. Supp. 552 (D.S.D. 1982); *Haley v. Hershberger,* 207 Kan. 459, 485 P.2d 1321 (1971). Unlike Federal Rule of Civil Procedure 4(d)(1), our personal service statute does not provide for service upon an individual's authorized agent. *See* RCW 4.28.080(14); compare Fed. R. Civ. P. 4(d)(1). Moreover, even if an authorized agent could accept service for an individual under the statute, in order to qualify as an agent for purposes of receiving service of process, "an actual appointment for the specific purpose of receiving process normally is expected. Accordingly, the mere fact that a person acts as defendant's

---

[2]Notably, several analogous cases have held service upon a public official's secretary or administrative assistant insufficient to obtain jurisdiction. *Nitardy v. Snohomish Cy.,* 105 Wn.2d 133, 712 P.2d 296 (1986) (county executive); *Landreville v. Shoreline Comm'ty College Dist. 7,* 53 Wn. App. 330, 766 P.2d 1107 (1988) (Attorney General); *Meadowdale,* 27 Wn. App. at 270 (mayor).

agent for some purposes does not necessarily mean that the person has authority to receive process." (Footnotes omitted.) 4A C. Wright & A. Miller, *Federal Practice* § 1097, at 84 (1987).

Here, the affidavits of service filed by French simply indicated that a process server delivered the summons and complaints to a personal secretary of the defendants. The affidavits in no way indicated that the defendants had authorized their secretaries to accept service on their behalf. We hold that service upon Gabriel and Morris's secretaries failed to comply with the service statute.

Although not argued by French, we also refuse to approve the method of service on the basis of substantial compliance.[3] As stated above, the service statutes make no provision for serving an employee at an individual's place of business, and make no provision for service upon an individual's agent. Moreover, nothing in the record suggests that the secretary had been appointed as an agent to receive service. "[W]e are not dealing with an approved method of service which would lend itself to a test of substantial compliance." *Crouch*, 51 Wn. App. at 734.

Because Gabriel and Morris preserved their valid defense of insufficient service of process, the court erred in refusing to grant the motion to dismiss.

---

[3]*See, e.g., Martin v. Meier*, 111 Wn.2d 471, 760 P.2d 925 (1988) (approved service by mail of Washington resident after plaintiff made diligent efforts to personally serve and had a good faith and reasonable belief that defendant had left state); *First Fed. Sav. & Loan Ass'n v. Ekanger*, 22 Wn. App. 938, 945, 593 P.2d 170 (1979) (technical defect in affidavit of service did not render service ineffective where statutory requirements of service were otherwise met), *aff'd*, 93 Wn.2d 777, 613 P.2d 129 (1980); *Ryland v. Universal Oil Co.*, 8 Wn. App. 43, 46–47, 504 P.2d 1171 (1972) (late filing of affidavit of extraterritorial personal service upon defendant found to substantially comply with service of process statute); *Thayer v. Edmonds*, 8 Wn. App. 36, 42, 503 P.2d 1110 (1972) (approved service by leaving summons and complaint in defendant's door because defendant instructed process server over the telephone to do so); *cf. Haberman v. WPPSS*, 109 Wn.2d at 177 (statute authorizing out-of-state service is in derogation of common law and will be strictly construed; service on individual's secretary and actual notice of pending suit insufficient).

LIABILITY OF PROFESSIONAL SERVICE CORPORATION

Gabriel and Morris concede, however, that service upon Morris' secretary was proper service of the professional service corporation. RCW 4.28.080(9). Gabriel and Morris argue that the trial court improperly found that the professional service corporation, formed after the negligent acts were committed here, should be held liable for those acts. We find no legal basis for the court's ruling on this issue. The corporation was formed after the alleged wrongful acts occurred. No documents or evidence exist in the record to suggest that the professional service corporation agreed to assume these liabilities. French argues that the statute which authorizes law firms to incorporate, RCW 18.100, forbids corporations to be used to shield attorneys from malpractice claims. French's argument is misplaced and has no application here. Gabriel and Morris were individually named in the suit; they did not use the corporation as a liability shield. We hold that the trial court improperly found the corporation liable for the acts of Gabriel and Morris.

We reverse.

DEIERLEIN, J. Pro Tem., concurs.

PEKELIS, J. (dissenting)—I respectfully dissent. I would uphold the trial court's determination that defendants had waived the defense of insufficient service of process.

I would affirm the trial court under the waiver principles of CR 12(h). CR 12(g) and (h) specifically provide that when a party makes a motion under this rule but omits the defense of insufficiency of service, then that defense is waived. In its responsive pleading to French's motion for partial summary judgment on liability, the defendants "asked" the court to dismiss plaintiff's claim under the Consumer Protection Act (CPA). The majority characterizes the defendants' action as "a request for dismissal" and concludes that it was not a motion under CR 12.

The majority's technical characterization of the defendant's action as a "request" rather than a motion under CR 12 puts form over substance. The sufficiency of a motion is measured by its content, not its technical format or language. *See Colorado Nat'l Bank v. Merlino,* 35 Wn. App. 610, 668 P.2d 1304, *review denied,* 100 Wn.2d 1032 (1983). In my view, this "request" was the constructive equivalent of a cross motion. In effect, the defendants made a motion to dismiss the CPA claim. The defendants argued that the CPA does not apply to an attorney's acts of negligence or malpractice, and thus, French failed to state a claim under CR 12(b). The court agreed. It is puzzling to see how the court's dismissal of the CPA claim can be characterized as anything except the granting of a motion to dismiss.

I would hold that when affirmative relief is sought, whether or not it is designated as a motion, it should be considered as such for purposes of CR 12(h). I would also apply the rule to one who "initiates" the "motion" as well as to one who makes the motion in response to another's motion. To the extent this analysis departs from *Meadowdale Neighborhood Comm. v. Edmonds,* 27 Wn. App. 261, 616 P.2d 1257 (1980), I would reconsider our analysis therein.

The majority asserts that the policy underlying CR 12(g) and (h) would not be furthered by applying these waiver provisions here. I disagree. If, as the majority states, "the primary purpose of CR 12(g) is to prevent successive rounds of pretrial motions", it is totally irrelevant that "Gabriel and Morris requested dismissal of one of French's claims in *response* to a motion brought by French". Majority, at 225. This distinction has no bearing on the desired policy of preventing successive rounds of pretrial motions.

General waiver principles also support the trial court's finding of waiver. The defense of insufficient process is subject to common law principles of waiver as well as to the specific provisions of CR 12(h). *See Raymond v. Fleming,* 24 Wn. App. 112, 600 P.2d 614 (1979), *review denied,* 93 Wn.2d 1004 (1980). In order to preserve the defense of lack

of personal jurisdiction, the defendant must "proceed without equivocation, precisely and with dispatch" or that defense is waived. *Sanders v. Sanders,* 63 Wn.2d 709, 714, 388 P.2d 942 (1964).

Where defendants fail to avail themselves of opportunities to contest the sufficiency of service of process, courts have held that the defense of insufficient service of process is waived. *Burton v. Northern Dutchess Hosp.,* 106 F.R.D. 477, 481 (S.D.N.Y. 1985). Similarly, when a defendant takes action that is inconsistent with the hypothesis that the court lacks personal jurisdiction, the defendant waives, or may be estopped from asserting, the defense of insufficient service of process. *Raymond,* 24 Wn. App. at 114–15.

The trial court determined, after "considering all the evidence, the court file, the pleadings, the pre–trial discovery, as well as pre–trial motions, and lack thereof", that the defendants had waived any claims of defective service of process. The following evidence substantiates the trial court's conclusions: (1) the defendants delayed the filing of their answer until 6 months after their notice of appearance; (2) approximately 1 year after the filing of their answer, the defendants consented and stipulated to an amended complaint; (3) the defendants proceeded with discovery which was unrelated to the defense of insufficient service of process; (4) the defendants objected to the trial setting, but failed to raise the defense of insufficient service of process; (5) the defendants completed discovery and were ready to go to trial on the day they moved to dismiss; (6) the defendants, in an affirmative pleading (a memorandum in opposition to plaintiff's summary judgment), effectively moved the trial court to grant a summary judgment in favor of the defendants which the trial court granted and (7) the defendants did not move to dismiss the case for deficiency of process until 29 months after the complaint was filed.

In conclusion, it is both logical and efficient for the trial court to determine jurisdiction over the parties at an early stage in the proceedings. Allowing defendants, as the

majority would do, to complete discovery, defend and make motions, enter stipulations before the trial court, and then wait until the day of trial to move for dismissal hardly promotes the efficient use of judicial resources.

I would affirm the trial court's finding of waiver under both CR 12(g) and (h) and common law waiver principles.

Review granted at 114 Wn.2d 1026 (1990).