[No. 22111-0-II. Division Two. August 21, 1998.]

ANGELEANE DAVIDHEISER, *Appellant*, v. PIERCE COUNTY,
*Respondent*.

*Brian T. Comfort* of *Comfort, Davies & Comfort, P.S.*, for appellant.

*John W. Ladenburg, Prosecuting Attorney*, and *Daniel R. Hamilton, Deputy*, for respondent.

ARMSTRONG, J. — Angeleane Davidheiser sued Pierce County after the County denied her application for a short plat. A staff person from the office of Davidheiser's attorney called the County's Risk Management Department and asked where the summons and complaint should be served. An unknown employee of Risk Management said the papers should be served "here." Davidheiser's attorney then served the Risk Management Department. Within the statute of limitations, the County answered and asserted improper service as a defense. The issues are whether Pierce County's Code authorizes service on the Risk Management Department; and if not, whether Pierce County (1) is estopped from asserting the insufficient service of process defense based on the advice of its employee or (2) waived the defense by engaging in discovery after filing its answer but before moving for summary judgment. We hold that the Pierce County Code does not authorize service of the summons and complaint on the Risk Management Department and that the County is not estopped from

asserting the defense. We, therefore, affirm summary judgment for the County.

## FACTS

Angeleane Davidheiser owns a 5.5 acre parcel of land on Anderson Island. The parcel abuts Lake Florence, with about 1.2 acres above water. Davidheiser bought the property with the intention of dividing it into two lots. In August 1991, she hired an engineering firm to do a feasibility study and to handle the short plat process with the Pierce County Planning and Land Services Department. Ultimately, Davidheiser's short plat was not approved and neither was her later request for a variance. Davidheiser sued the County. She claimed that the County misled her as to the preliminary approval of the short plat and, as a result, she incurred $20,000 in costs associated with the short plat process and additional fees and costs in seeking a variance from the zoning requirements.

Davidheiser filed a claim for damages with the County on April 7, 1995. On October 17, 1995, the summons and complaint were served on Pierce County's Risk Management Department. A legal secretary employed by Davidheiser's attorney explained that she called the Pierce County Prosecutor's Office to find out where to serve the summons and complaint. "[T]he person answering the phone could not give that information out but referred [her] to the code and Risk Management." The secretary then called the Risk Management Department and identified herself. She explained that Pierce County was the defendant in a lawsuit and asked where the summons and complaint should be served. An unidentified person who answered the phone "Risk Management" said, "here." The secretary asked for the address and was given the address for the Risk Management Department.

In its January 26, 1996, answer to the complaint, the County raised the defense of insufficient service of process. Davidheiser did not perfect service before the County's mo-

tion for summary judgment, nearly 18 months after the lawsuit was filed. The trial court granted summary judgment in favor of the County, and Davidheiser appeals.

Davidheiser first contends that service of the summons and complaint on Pierce County's Risk Management Department is sufficient because a Pierce County ordinance directs that "[a]ll claims shall be filed with the Risk Management and Insurance Department." PCC 4.36.020. She argues that filing a claim is synonymous with service of the summons and complaint. Pierce County argues that filing a claim is separate and distinct from service of process. And, because Pierce County has not designated an agent to receive service, Davidheiser was required, under RCW 4.28.080, to serve the county auditor.

RCW 4.28.080 provides in part that:

The summons shall be served by delivering a copy thereof, as follows:

(1) If the action be against any county in this state, to the county auditor or, during normal office hours, to the deputy auditor, *or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority.*

(Emphasis added.) Because Pierce County is a charter county,[1] the issue is whether the County has designated an agent other than the county auditor to receive service.

Davidheiser relies on Chapter 4.36 of the Pierce County Code, which provides the process by which "CLAIMS BY AND AGAINST THE COUNTY" are handled. Thus, the issue is one of statutory construction. Statutory construction is a question of law. *ITT Rayonier, Inc. v. Dalman*, 67 Wn. App. 504, 507, 837 P.2d 647 (1992), *aff'd*, 122 Wn.2d 801 (1993); *Everist v. Department of Labor & Indus.*, 57 Wn. App. 483, 485-86, 789 P.2d 760 (1990).

---

[1]Under article XI, section 4 of the State Constitution, "[a]ny county may frame a 'Home Rule' charter for its own government subject to the Constitution and laws of this state . . . ." Pierce County adopted a home rule charter. *See* Pierce County Charter, art. I, § 1.10.

The court's duty is to give effect to the intent of the legislative body enacting the statute or ordinance. *Grant v. Spellman*, 99 Wn.2d 815, 818, 664 P.2d 1227 (1983); *TLR, Inc. v. Town of La Center*, 68 Wn. App. 29, 33, 841 P.2d 1276 (1992). Unless the ordinance is ambiguous, its meaning must be derived from its wording and judicial construction is unnecessary. *Rayonier*, 67 Wn. App. at 509 (citing *Crown Cascade, Inc. v. O'Neal*, 100 Wn.2d 256, 262, 668 P.2d 585 (1983)). Related ordinances should be considered and harmonized whenever possible. *State v. Walter*, 66 Wn. App. 862, 870, 833 P.2d 440 (1992).

■ Pierce County Code section 4.36.020 provides that "[a]ll claims shall be filed with the Risk Management and Insurance Department." Davidheiser argues that filing a claim is synonymous with serving the summons and complaint. She says, "There is no rational reason why there would be a distinction on filing just claims with Risk Management . . . but not lawsuits." We disagree.

First, the Code makes a distinction between instituting a lawsuit against the County and filing a claim for damages:

> A. No action shall be commenced against Pierce County in which monetary damages are being claimed until a written claim for damages has been presented to and filed with the Pierce County Risk Management and Insurance Department in accordance with the terms of this Chapter.

> B. A *lawsuit* based upon the allegations of a *claim for damages* may not be instituted against Pierce County within sixty (60) days of the *filing of such claim,* unless the applicable statute of limitations will expire within that period of time. The requirements of this Section shall not affect in any manner the commencement and running of any applicable statute of limitations.

PCC 4.36.025 (emphasis added). Second, the Code also provides, in a section entitled "Interpretation of Language," that:

> All words and phrases shall be construed according to the common and approved usage of the language, but technical

words and phrases and such others as may have acquired a peculiar and appropriate meaning in the law shall be construed and understood according to such peculiar and appropriate meaning.

PCC 1.04.030.

As the County recognizes, filing of a "claim" for damages and serving a "summons" have peculiar and appropriate meanings in the law. "Filing a claim for damages . . . [is] a condition precedent to the commencement of any action claiming damages." RCW 4.96.010; *see* RCW 4.96.020(4). In contrast, service of the summons and complaint actually commences the action or lawsuit. RCW 4.28.020; CR 3(a). It gives the court jurisdiction, RCW 4.28.020, and provides a mechanism for tolling the statute of limitations, RCW 4.16.170. Because the Pierce County Code makes no reference to service of process and because the pertinent sections of Chapter 4.36 refer to the filing of a claim as a condition precedent to commencing an action for damages, service upon the Risk Management Department does not constitute sufficient service.[2]

Davidheiser also argues that the County should be equitably estopped from asserting the insufficiency of service defense. Her argument is based on the statement of her at-

---

[2]The King County Code provides a useful comparison. Although the clerk of the county council is both the agent to receive service of process and the person with whom claims should be filed, the county council has recognized the distinction. In a chapter entitled "SERVICE OF PROCESS ON COUNTY," the King County Code provides, "For the purpose of service of summons on King County under provisions of RCW 4.28.080, the person to be served is the clerk of the county council." KCC 2.04.010. In another chapter entitled "CLAIMS AGAINST COUNTY," the code provides in relevant part:

4.12.070 **Procedure for handling claims. A. PLACE FOR FILING; CONTENT.**

All claims against the county for damages arising out of tortious conduct shall be presented to and filed with the clerk of the council . . . .

. . . .

4.12.080 **Procedure for handling lawsuits. A. SERVICE OF PROCESS.**

Service of a summons and complaint on the clerk of the council shall constitute service on the county for purpose of state law, RCW 4.28.080.

torney's legal secretary that an unidentified employee of the Risk Management Department told her to serve the summons and complaint "here."

■ ■ "Equitable estoppel is based on the principle that[ ] 'a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon.' " *Kramarevcky v. Department of Soc. & Health Servs.*, 122 Wn.2d 738, 743, 863 P.2d 535 (1993) (quoting *Wilson v. Westinghouse Elec. Corp.*, 85 Wn.2d 78, 81, 530 P.2d 298 (1975)). The elements of estoppel are: (1) an act or admission by the first party that is inconsistent with a later assertion; (2) an act by another party in reliance upon the first party's act or assertion; and (3) an injury that would result to the relying party if the first party were not estopped from repudiating the original act. *Kramarevcky*, 122 Wn.2d at 743; *Robinson v. City of Seattle*, 119 Wn.2d 34, 82, 830 P.2d 318, *cert. denied*, 506 U.S. 1028, 113 S. Ct. 676, 121 L. Ed. 2d 598 (1992). The party asserting estoppel must show not only lack of knowledge of the facts, but also the absence of any convenient and available means of acquiring such knowledge. *Chemical Bank v. Washington Pub. Power Supply Sys.*, 102 Wn.2d 874, 905, 691 P.2d 524 (1984) (citing *Leonard v. Washington Employers, Inc.*, 77 Wn.2d 271, 280, 461 P.2d 538 (1969)), *cert. denied*, 471 U.S. 1065, 105 S. Ct. 2140, 85 L. Ed. 2d 497 (1985). Generally, equitable estoppel does not apply to representations of law. *See Chemical Bank*, 102 Wn.2d at 905.

■ ■ "When a statute designates a particular person or officer upon whom service of process is to be made in an action . . . no other person or officer may be substituted." *Meadowdale Neighborhood Comm. v. City of Edmonds*, 27 Wn. App. 261, 264, 616 P.2d 1257 (1980); *Nitardy v. Snohomish County*, 105 Wn.2d 133, 134-35, 712 P.2d 296 (1986); *Landreville v. Shoreline Comm. College Dist. No. 7*, 53 Wn. App. 330, 332, 766 P.2d 1107 (1988). Thus in *Nitardy*, the Supreme Court rejected the argument that ser-

vice on the secretary to the county executive substantially complied with RCW 4.28.080(1). *Nitardy*, 105 Wn.2d at 134. Because the legislative mandate was clear, service on anyone other than the county auditor was insufficient. *Nitardy*, 105 Wn.2d at 134-35.

In *Landreville*, the summons and complaint were left with the administrative assistant to the attorney general. *Landreville*, 53 Wn. App. at 331. The assistant told the process server that she had authority to accept service. *Id.* at 332. But Division One rejected the plaintiff's equitable estoppel claim, holding that reliance on the statement was not reasonable given the clear language of the statute designating the attorney general or an assistant attorney general as the proper recipient. *Id.* at 332; *see* RCW 4.92.020.

Davidheiser attempts to distinguish *Landreville* because, unlike the statute under review in *Landreville*, RCW 4.28.080(1) allows for service on a person other than the county auditor. The operative language is that for a charter county the "summons *may* be served upon the agent, *if any*, designated by the legislative authority." RCW 4.28.080(1) (emphasis added).

The legislative authority for Pierce County is the County Council. Pierce County Charter, art. 2, §§ 2.10, 2.20. "The Council shall exercise its legislative power by adoption and enactment of ordinances or resolutions." Pierce County Charter, art. 2, § 2.20; *see* § 2.45. Because the Pierce County Code does not designate an agent for service of process, RCW 4.28.080(1) is controlling, and the mandate is clear that service must be made upon the county auditor or upon the deputy auditor during normal office hours. *See Nitardy*, 105 Wn.2d at 134-35; *see* RCW 4.28.080(1).

Moreover, even if Davidheiser could have reasonably relied on the representation to serve the summons and complaint on the Risk Management Department, such reliance was no longer reasonable after the County served its answer asserting that service was improper. Because the defense was raised within the statute of limitations, David-

heiser could have properly served the County pursuant to RCW 4.28.080(1) within the statutory period.

 Davidheiser next argues that the County waived the defense of insufficient service of process by engaging in discovery, unrelated to its affirmative defense, before moving for summary judgment. But a party who raises the defense of insufficient service in his answer does not waive the defense by engaging in discovery. *French v. Gabriel*, 116 Wn.2d 584, 594, 806 P.2d 1234 (1991).

"The defense of insufficient service of process is waived unless the party asserts it either in a responsive pleading or in a motion under CR 12(b)(5)." *Id.* at 588; CR 12(h)(1)(B).[3] Here, the County raised the defense in its answer. Nevertheless, Davidheiser cites *Romjue v. Fairchild*, in which Division Three held that the defendant waived his defense of insufficient service by engaging in discovery, unrelated to this defense, before moving to dismiss. *Romjue v. Fairchild*, 60 Wn. App. 278, 281-82, 803 P.2d 57 (1991). But *Romjue* is distinguishable because the defendant did not raise the defense in his answer. Instead, he moved to dismiss for insufficient service five months after the action was filed and only after the statute of limitations had run. *Id.* at 279. The court said, "If a defendant conducts himself in a manner inconsistent with the *later assertion* of the defense of insufficient service, the court is justified in declaring a waiver."[4] *Romjue*, 60 Wn. App. at

---

[3]CR 12(h) provides in relevant part:

**Waiver or Preservation of Certain Defenses.**

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in section (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by rule 15(a) to be made as a matter of course.

[4]The summons and complaint had been improperly served on the defendant's mother, at a residence where the defendant had previously resided. The defendant's counsel appeared and engaged in discovery. After receiving defendant's discovery requests and prior to the running of the statute of limitations, Romjue's counsel wrote a letter to the defendant's counsel stating, "Please be advised that

281 (citing *Raymond v. Fleming*, 24 Wn. App. 112, 115, 600 P.2d 614 (1979)) (emphasis added).

Here, Pierce County raised the defense in its answer, filed on January 26, 1996, at least two months before the statute of limitations had run.[5] And "once [the defendant] properly preserve[s] his defense by pleading it in his answer, he is not precluded from asserting it by proceeding with discovery." *French*, 116 Wn.2d at 594 (citing *Crouch v. Friedman*, 51 Wn. App. 731, 735, 754 P.2d 1299 (1988)). This is so even if the discovery is unrelated to the service of process defense. *Id.* at 594; *see also Voicelink Data Servs., Inc. v. Datapulse, Inc.*, 86 Wn. App. 613, 626, 937 P.2d 1158 (1997).

In conclusion, we hold that Davidheiser did not properly serve Pierce County, that the County is not estopped from asserting the defense, and that the County did not waive the defense by engaging in discovery. Accordingly, we affirm summary judgment for the County and need not address the other issues raised by Davidheiser on appeal.

BRIDGEWATER, A.C.J., and MORGAN, J., concur.

Review denied at 137 Wn.2d 1016 (1999).

---

*it is my understanding that the defendants have been served . . . ." Romjue*, 60 Wn. App. at 280-81.

[5]Claims for negligent misrepresentation are subject to the three-year statute of limitations for fraud under RCW 4.16.080(4). *Western Lumber, Inc. v. City of Aberdeen*, 10 Wn. App. 325, 327, 518 P.2d 745 (1973). The cause of action must be commenced within three years of discovery of the misrepresentation. RCW 4.16.080(4). Apparently Davidheiser first knew of the misrepresentation on April 6, 1993, when her short plat application was denied. Therefore, the statute of limitations had run on April 6, 1996.